MASSA SILVA v. STATE.

No. A-2037.     Opinion Filed June 13, 1914.

(141 Pac. 235.)

INTOXICATING LIQUORS—Unlawful Possession—Sufficiency of Proof.
A judgment of conviction for possession of intoxicating liquor with unlawful intent, resting solely upon slight circumstantial evidence, which is offset by the positive denial of the defendant, whose good character is unquestioned, is not warranted by the evidence.

(Syllabus by the Court.)

*Appeal from County Court, Pittsburg County;
B. P. Hammond, Judge.*

Massa Silva was convicted of a violation of the prohibitory law, and appeals. Reversed.

*Andrews & Day,* for plaintiff in error.

*Chas. West,* Atty. Gen., and *C. J. Davenport,* Asst. Atty. Gen., for the State.

DOYLE, J.   Plaintiff in error was tried and convicted on an information which charged that he, Massa Silva, did unlawfully have possession of one quart of whisky with the intention of selling the same, and, in accordance with the verdict of the jury, he was, on the 14th day of May, 1913, sentenced to pay a fine of $50 and be confined in the county jail for a period of 30 days. He appeals from the judgment.

Several assignments of error relate to rulings of the court in the admission of evidence, some of which are not destitute of merit, but the only question which we think it necessary to con-

sider is the sufficiency of the evidence to sustain the conviction. Our conclusion as to that will dispose of the appeal.

The testimony on the part of the state was as follows: Lee Pollock testified that he was a deputy sheriff, and on January 18, 1913, searched the place in the town of Krebs where the defendant was working and found five or six other persons there; that Sheriff Tatum, who was with him, found somewhere behind the counter a part of a quart of whisky; that the place was a lunch room, but was known as a booze joint, and it had changed hands about twenty times in the last five years, and was then owned by a man named Grego, who manufactured sausage.

Chaney Hayes, the only other witness for the state, testified that for three or four years the place had had the reputation of a booze joint.

On behalf of the defense, Barney Larshona testified that he had lived in Krebs eight years; that John Grego owned the lunch stand and sold chili and things like that, and the boy Massa Silva clerked for him.

Domeneck Moffa testified that he had worked in the mines there eleven years, and that the defendant was employed by John Grego.

The defendant, as a witness in his own behalf, testified that John Grego owned the place; that he had been working for him two and one-half months; that they made sausage; that Grego was there that day, and was a man who drank some; that he did not know the bottle found by the sheriff was there, and knew nothing about it before the sheriff found it; that he was at a barber shop near there when the officers raided the place; that he was eighteen years of age, and had never been arrested before this charge was made.

We think the evidence is insufficient to establish the fact of the defendant's possession. To prove his possession the state relied upon circumstances that tended to show possession by the owner of the place, and it is undisputed that the defendant was only an employee.

· When we recall the presumption that the law always in-dulges as to the innocence of one accused of crime, and the necessity of establishing the guilt of the defendant beyond a reasonable doubt, we think that, assuming that there were some circumstances in evidence tending to show possession by the defendant, it would be destroying the presumption in favor of innocence, and permitting the subversion of the rule requiring the establishment of guilt beyond a reasonable doubt, to allow this conviction to stand. The defendant, as a witness, met the charge with a positive denial and evidence of good character. He is a mere boy, and we cannot help thinking that a convic-tion upon testimony so slight and insufficient was more the result of prejudice and public sentiment than the dispassionate conclusion of the jury upon the facts in evidence.

The judgment is therefore reversed.

ARMSTRONG, P. J., and FURMAN, J., concur.