## JOE HARRELL et al. v. STATE.

No. A-5426.   Opinion Filed March 17, 1926.
(244 Pac. 457.)

Matson & Mathers and Sigler & Jackson, for plaintiffs in error.

George F. Short, Atty. Gen., for the State.

DOYLE, J.   The information in this case charges that in Carter county, May 27, 1924, Joe Harrell, Ed Hutchinson, and W. T. Maulden did have in their possession about one-half barrel of corn whisky with the unlawful intent to sell the same.   On the trial the

jury returned separate verdicts against each defendant. The verdict against defendant Harrell fixed his punishment at a fine of $500 and confinement in the county jail for 30 days; the verdicts against defendants Hutchinson and Maulden fixed their penalties each at a fine of $500 and confinement in the county jail for 6 months. They have appealed from the judgments rendered on the verdicts.

The assigned grounds for a reversal are the admission of incompetent testimony, secured without a search warrant and admitted in violation of the defendants' rights under the Constitution, and that the evidence is not sufficient to support the verdicts and judgments.

To properly determine the questions presented, consideration of the evidence will be necessary.

Bob Short, deputy sheriff, testified that, accompanied by Mr. Jackson, he visited defendant Joe Harrell's place about 3½ miles southwest of Pooleville; that Harrell's ranch consists of a section or two; that they walked 2 miles up a ravine running north and south about 300 yards west of Harrell's house, and did not find anything; that they saw defendants Hutchinson and Maulden and another man chopping corn; that they went north through Harrell's pasture and came south down a ravine and ran into a still with a gasoline burner under it, also a half barrel of single run whisky and 17 barrels of mash, all in a little T-shaped place surrounded by high Johnson grass, higher underbrush, elms, and cedars; that he left Jackson there and went south to a trail that led around the edge of the bank, then followed the trail up to Harrell's house; all three defendants were there; that he arrested them and went with them back to the still; that he and Mr. Jackson took the defendants to Scott City; that the defendants

Hutchinson and Maulden each stated that the cornfield where they were working belonged to defendant Harrell.

E. C. London, sheriff, testified that he met Mr. Short with the defendants at Scott City and went to where he was directed, and found the still about 250 yards from defendant Harrell's barn, on the east side of the branch in a little shut-off place, timber there and Johnson grass also, 17 barrels of mash and a barrel containing what he would call "pickings" or first run whisky.

The record shows that this testimony was admitted over the defendant's objections that the same was incompetent, because it was secured without authority of law, and in violation of their constitutional rights.

At the close of the evidence for the state, the defendants asked for a directed verdict in the form of a demurrer to the evidence, which was overruled and exceptions taken.

As a witness in his own behalf, Ed Hutchinson testified that his age was 52 years; that he had lived in Carter county 17 years, doing farm work by the month; that on the day the officers found the still he worked all day with Mr. Maulden and Andy Hobson, hoeing corn for Mr. Harrell; that the cornfield was about a quarter of a mile from where the still was found; that about 6 o'clock they quit work and with Mr. Maulden he went to Mr. Harrell's house and were there arrested by Mr. Short; that he went to work for Mr. Harrell, January 24th; that it was about sundown when they were taken to the still, and that was the first time he ever saw it; that he knew nothing about the still or anything connected with it; that he had never been convicted of a crime.

Defendant Maulden testified that he saw the officers twice that afternoon; that they passed where he and others were hoeing corn; that he quit work at the usual time and went to the house, where he was arrested; that he had worked for Mr. Harrell off and on for a year or two, but did not know anything about the still or the mash found near it; that there is timber between where the still was found and the house; that he never observed a light near there at night; that he had never seen or been to that still before the officers took him there; that Mr. Harrell had four sons that did not live with him, but occasionally they came there to visit their father.

Andy Hobson testified that he was working for Mr. Harrell that day, hoeing corn, and had worked from about sunup with the two defendants until about 6 o'clock, only stopping for dinner; that he had been working for Harrell about a week, but knew nothing about the still or the whisky that was found on Harrell's place.

As a witness in his own behalf, Joe Harrell testified that his age was 70 years; that he lived in Carter county 25 years; that he was a farmer and stock raiser, and had about 300 head of cattle on his ranch; that on the day the officers found the still he was at home; that he had trouble with his feet and ankles, and his feet would swell so that for several months he could not put on his shoes; that in May his feet commenced to get better; that last year he had ordered hunters off of his place; that he did not have any interest whatever in the still and whisky or the mash, and did not know it was there until the officers told him about it; that the trail the officers talked about is 150 yards from the still; that he did not have possession of or any interest whatever in the whisky or the still.

It is the well-settled doctrine in this state that a search for liquor or appliances for making whisky in woods, thickets, unfrequented ravines or pastures, not near a place of abode, where the search would in no way invade or disturb the privacy of the home or the legitimate business of the suspected violator of the law, is not an unlawful search within the meaning of our Constitution. Ratzell v. State, 27 Okla. Cr. 340, 228 P. 166; Rogers v. State, 28 Okla. Cr. 195, 230 P. 279; Reutlinger v. State, 29 Okla. Cr. 290, 234 P. 224. It follows that the defendants' objections to the evidence for the state were properly overruled.

The evidence for the state was purely circumstantial. In such cases the facts proven must be such as to exclude every reasonable hypothesis other than the guilt of the defendant of the offense charged in order to sustain a conviction. As to the defendants Hutchinson and Maulden, the evidence in this case does not meet this requirement, and for this reason we think it would have been a proper exercise of the power vested in the trial court to have advised an acquittal of these defendants upon the ground that the evidence was insufficient to connect them with the offense charged.

As to the defendant Harrell, there was, we think, sufficient evidence to connect him with the commission of the offense charged. The half barrel of liquor as charged was found on his farm, within 250 yards of his barn. It was therefore constructively at least in his possession. It was found within the inclosure of his farm with a trail leading from the barn, apparently to the place where the still was found. These incriminating circumstances go far to satisfy the mind that the only reasonable hypothesis upon which they can be explained is that of the guilt of this defendant. Jurors are properly governed in weighing the probative effect

of such testimony by the common experience of everyday life, and, while the circumstances may have been susceptible of explanation, consistent with the innocence of the defendant Harrell, the fact that the testimony was met with a mere denial, and not with an explanation, was evidently considered.

In our opinion the evidence was sufficient to warrant the submission of the case to the jury, both as to possession and the intent of the defendant Harrell.

It follows from what has been said that the judgments of conviction against the defendants Hutchinson and Maulden should be and are hereby reversed; the judgment of conviction against the defendant Harrell should be and is affirmed.

BESSEY, P. J., and EDWARDS, J., concur.