## J. P. WILLIAMS v. STATE.

No. A-6283. Opinion Filed Dec. 17, 1927.
(261 Pac. 977.)

B. F. Garrett, for plaintiff in error.

Edwin Dabney, Atty. Gen., for the State.

DOYLE, P. J.  Appellant, J. P. Williams, and Richard Williams were jointly charged with having in their possession "5 gallons of Choc beer, testing more than one-half of 1 per cent. of alcohol," with the unlawful intent to violate the prohibitory liquor laws.  They were tried together before a jury, and the defendant Richard Williams was acquitted.  Appellant, J. P. Williams, was found guilty and his punishment fixed at a fine of $250 and imprisonment in the county jail for 90 days.

Motion for new trial was duly filed and overruled. From the judgment pronounced in pursuance of the verdict, he appeals.

The evidence for the state shows that officers in executing a search warrant visited the home of the defendant and there found a keg containing about 5 gallons of what they termed "Choc beer," in a garage.

Sheriff Boggess testified that he saved about a quart and poured the rest out; that he tested this with a hydrometer, "and it tested about 20 proof, about between 9 and 10 test."

On cross-examination, he stated that the defendants were there, also appellant's son, Denver, who was sick, and Denver claimed that the stuff was his, and that it was for his own use.

All the evidence for the state was admitted over the

objection of appellant on the ground that the search warrant was void because the affidavit was insufficient to show probable cause, and that the warrant did not run in the name of "the state of Oklahoma."

When the state rested, appellant moved for an acquittal on the ground that the evidence was insufficient to sustain a verdict of guilty, which was overruled, and exception allowed.

The testimony of four or five witnesses on the part of the defense was, in substance, to the effect that Denver Williams was the owner of the garage; that it was occupied with his car; that he told the officers that the stuff in the keg belonged to him; that he was the owner and had a deed to the lot the garage was on; and that he was sick at that time and went to Arizona for his health.

Appellant testified that he knew nothing about the keg or its contents and did not know that it was in his son's garage until the officers told him; that the car in the garage was his son's car, and he heard Denver say to the officers that it was his Choc in the keg.

Mary P. Johnson testified that she lived on the lot adjoining the garage and saw Denver Williams putting the stuff in the keg and she asked him what he was doing, and he said, "Making some Choc for his own use."

One or two other witnesses testified that they saw Denver Williams mixing up the Choc beer that was in the keg found by the officers.

Of the various errors assigned we deem it only necessary to consider the one, that the evidence is insufficient to sustain a conviction.

The conviction in this case rests entirely on circumstantial evidence. The general rule in criminal cases is, where the evidence is circumstantial, the facts shown

must not only be consistent with and point to the guilt of the defendant, but must be inconsistent with his innocence.

After fully considering all of the evidence, we are clearly of the opinion that the verdict is contrary to the evidence, and for this reason the trial court should have sustained the motion of the defendant for a directed verdict of acquittal.

Because the evidence is insufficient to sustain a conviction, the judgment is reversed.

EDWARDS and DAVENPORT, JJ., concur.