## ARTHUR E. SCROGGS v. STATE.

No. A-9522. Dec. 22, 1938.
(85 P. 2d 764.)

Guy Horton, Brown Moore, and John W. Whipple, all of Stillwater, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Leon J. York, Co. Atty., of Stillwater, for the State.

DAVENPORT, P. J. The plaintiff in error, Arthur E. Scroggs, was by information jointly charged with M. E. Spencer and Leo Connor, with the crime of maintaining a place in the city of Stillwater, Payne county, Okla., where malt, spirituous, vinous and fermented liquors, and imitations and substitutes therefor, and other intoxicating liquors capable of being used as a beverage, were received and kept for the purpose of bartering, selling, giving away and otherwise furnishing the same to others unlawfully. A severance was granted, the defendant was tried, convicted and sentenced to be imprisoned in the county jail for 90 days and to pay a fine of $350. Motion for new trial was filed, overruled, and exceptions saved and defendant appeals.

The record is voluminous, many pages of which contain immaterial testimony. The facts briefly stated are the defendant, on the 10th day of February, 1938, and several

years prior thereto was the proprietor of the Grand Hotel, in the city of Stillwater, Okla. The officers secured two search warrants, one to search the lobby and desk and other things in the hotel on the first floor, and one to search the room of one of the clerks of the hotel, known as room 229; search was made by the officers in the hotel lobby and desk and different places and no intoxicating liquors of any kind or character were found, as shown by the return on the search warrant.

The other search warrant was executed by the officers going to the second floor of the hotel where they contacted the porter and he showed them room 229, but he had no key. One of the officers went down and got the key to room 229, which the record shows was the living room of M. E. Spencer; in the room of M. E. Spencer the officers found 33 pints of bonded whisky. They went to the living room of the defendant and found no intoxicating liquor of any kind. No whisky was found in any other part of the hotel.

The state in order to maintain the charge against the defendant called the officers who made the search to testify to the quantity of whisky found, and where it was found. There is no dispute that the quantity of whisky was found in the room at the hotel occupied by M. E. Spencer, the clerk at the hotel. The defendant's room was near Spencer's room. The partition door between the room of the defendant and Spencer's room was bolted. There is no evidence showing it was ever used by parties back and forth regularly. There is no testimony in the record showing that the defendant had any knowledge that the whisky found by the officers was in Mr. Spencer's room. All the testimony tends to show the defendant had always instructed his employees they must not keep any whisky about the hotel, and if he found they were doing so they would be immediately discharged.

The testimony of the state fails to disclose the defendant had anything to do with the whisky, and did not know it was there, or that during the years he had been manager

and proprietor he had sold any whisky, and that he had no knowledge that the whisky was being sold from the hotel. Some of the officers testify they had talked with the defendant about the hotel and told him it was rumored that whisky was being sold at the hotel, and they all admit the defendant told them that if they could get any proof or information showing whisky was being sold there, he would prosecute the parties himself and discharge them from his employ.

The only circumstance which in any way whatever tends to connect the defendant with the whisky is that he was the manager and proprietor of the hotel in which the whisky was found in room 229. Leo Connor, the porter, testified to the whisky being in this room, but he says the defendant knew nothing about it. Mr. Spencer testified to the whisky being in his room and states the defendant had no knowledge of it being there.

Several witnesses were called by the state and asked if they had heard whisky could be bought at the Grand Hotel and stated they had heard rumors that whisky could be bought at the hotel, but they all admit they had no knowledge of the fact that it could be bought there, and had never seen or heard of the defendant handling whisky in any way. One of the officers testified in substance that at one time he saw a fellow in front of the hotel intoxicated, but he did not know where the fellow got his whisky, and there were other places where he could have secured the same.

The defendant testified in his own behalf and states clearly the facts pertaining to the whisky found, and absolutely denies any knowledge the whisky was in the room, and states he had not been in the room for several months where the whisky was found. Many witnesses testify to the defendant's good character as being a law-abiding citizen.

The foregoing is the substance of all the testimony it is deemed necessary to set out in this opinion in order to

reach a proper conclusion as to the guilt or innocence of the defendant.

The defendant has assigned 15 errors alleged to have been committed by the trial court, which he deems sufficient to warrant this court in reversing his case. After a careful study and consideration of the facts in the record, the only errors it is deemed necessary to consider are the following:

"(1) That the court erred in overruling the motion in arrest of judgment, and for a new trial of the plaintiff in error.

"(6) The court erred in overruling plaintiff in error's demurrer to the evidence of the defendant in error.

"(7) The verdict rendered in said cause is contrary to the law.

"(8) The verdict rendered in said cause is contrary to the evidence."

At the close of the testimony the defendant demurred to the evidence on the ground that the same was insufficient to sustain a conviction; which demurrer was overruled and the defendant reserved an exception. The evidence as offered tending to connect the defendant with the offense charged was entirely circumstantial. The court fully instructed the jury as to the weight it was to give to circumstantial evidence. From an analysis of the evidence it will be seen that the whisky was actually found in room 229, a room occupied by M. E. Spencer, a clerk in the hotel; that M. E. Spencer had occupied this room for some time. It is further shown that the defendant in this case did not exercise any supervision or control over this room excepting such as might be incidental as manager and operator of the hotel. It was quite possible for whisky to be taken into this room or removed therefrom without the proprietor of the hotel being aware of the condition existing.

The defendant denied positively any knowledge of the presence of the whisky or any interest therein.

Considering the testimony of the defendant and his positive denial that he knew of the whisky being in Spencer's room, and that he had no interest in the whisky, and the fact that the testimony of the different parties as to the reputation of the defendant, and that he had at all times during the time he was proprietor and manager of the hotel co-operated with the officers and advised them that if they had information that whisky was being handled in the hotel, he would prosecute the parties and discharge them from his service. This being true, we hold that the evidence in this record does not meet the standards of proof that have been heretofore prescribed by this court in previous decisions and is insufficient to sustain the conviction. Harrell v. State, 33 Okla. Cr. 364, 244 P. 457; Williams v. State, 38 Okla. Cr. 370, 261 P. 977; Dorsey v. State, 44 Okla. Cr. 7, 279 P. 917; Craigo et al. v. State, 64 Okla. Cr. 362, 81 P. 2d 336.

In Owens v. State, 11 Okla. Cr. 113, 143 P. 204, in the first paragraph of the syllabus this court said:

"As a general rule, verdicts which have received the approval of the trial judge will not be disturbed when supported by evidence sufficient to make out the offense. However, when the evidence is all carefully considered and it appears that it is wholly wanting in respect to some essential element of the offense charged, the judgment will be reversed as insufficient to sustain the conviction.

In Cude v. State, 42 Okla. Cr. 357, 276 P. 240, in the third paragraph of the syllabus the court said:

"Upon the overruling of a motion for a new trial by the trial court upon the ground that there is no evidence to support the verdict, when the overruling of such motion was properly excepted to and preserved in the record, and is made a basis of an assignment of error, it is the duty of the appellate court to review the evidence; and, if the record discloses there is no evidence to support the verdict, a new trial should be granted."

Where the state relies for a conviction upon circumstantial evidence, the facts proven must be such as to exclude

every reasonable hypothesis other than the guilt of the defendant of the offense charged in order to sustain a conviction.

Where an attempt is made by the state to convict a person and hold him criminally responsible for his employee, it must be shown that such act was reasonably within the scope of the agent's employment or was an act done within the course of the principal's business. Simpson v. State, 14 Okla. Cr. 484, 173 P. 529.

In connection with the evidence showing whisky was found in M. E. Spencer's room 229, of the hotel operated and managed by the defendant, it was the duty of the jury to take into consideration the presumption of innocence of the accused which follows him throughout the trial until the contrary is proved beyond a reasonable doubt. In our opinion the evidence in this case does not meet this requirement, and for this reason we think it would have been the proper exercise of the power vested in the trial court to have advised and directed the jury to return a verdict of not guilty, on the ground that the evidence was insufficient to connect the defendant with the offense charged.

There are other errors assigned that possess merit but the view we take of this record it is not deemed necessary to consider them. For the reasons stated herein the judgment is reversed and cause remanded with directions to dismiss.

DOYLE and BAREFOOT, JJ., concur.