George STEPHENS, Plaintiff In Error,

v.

STATE of Oklahoma, Defendant in Error.

No. A-12161.

Criminal Court of Appeals of Oklahoma.

July 6, 1955.

Wise & Ivester, Sayre, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., James P. Garrett, Asst. Atty. Gen., for defendant in error.

JONES, Presiding Judge.

This is an appeal from a conviction sustained by George Stephens in the County Court of Beckham County for the unlawful possession of ten half pints of whiskey.

We shall consider the assignments of error in the order in which they were presented in defendant's brief. It is contended that the court erred in overruling defendant's motion to suppress evidence. This motion was based upon the premise that the description in the warrant covered the private dwelling houses of two or more families and constituted a blanket search warrant under the decisions of this court.

The evidence of defendant on the motion to suppress disclosed that the tract of land described in the search warrant belonged to defendant but that on said tract of land were four structures, to-wit: a dance hall, the house of defendant's daughter, the house of one Mrs. Gilliland and the defendant's house. However, the warrant specifically directed a search of "the northwest dwelling house on said land which was being used and occupied by George Stephens." This specific description in the warrant was a limitation on the officer serving the warrant and unless such specific description was incorrect, the motion to suppress should have been overruled. It appears from the pictures introduced in evidence and the testimony that defendant actually occupied the northwest dwelling house on said small tract of land.

In McCarthy v. State, 91 Okl.Cr. 294, 218 P.2d 397, 398, this court held:

"Where the warrant describes the premises upon which are located two houses in which defendant's family reside, and the house sought to be searched on said premises is so definitely described and distinguished from the other house that there is no occasion for mistake as to the house intended to be searched, such warrant does not constitute a 'blanket warrant'."

There is another reason why the motion to suppress was properly overruled. The defendant denied possession or ownership of the whiskey and denied it was found on property under his control. This court has repeatedly held that the constitutional provision guaranteeing one immunity from unlawful search and seizure is personal, and one accused will not be heard to object that the search of the property or premises of some third person is a violation of his constitutional rights. Bly v. State, Okl.Cr., 269 P.2d 1004, and many cases therein cited.

Defendant next attacks instruction number nine which pertained to the duty of the jury to fix the punishment of the accused in case a verdict of guilt was returned. The record does not disclose that counsel for the accused requested an instruction that the jury fix the punishment. However, we have recently had occasion to pass upon a similar question as here presented and we refer the trial court to that opinion so that in the retrial of this case no error may be made. Shaffer v. State, Okl.Cr., 283 P.2d 578; Ladd v. State, 89 Okl.Cr. 294, 207 P.2d 350. This case would not be reversed on account of the giving of this instruction as it was not misleading. To the contrary the instruction which was given was sub-

stantially the same as instructions which we have sustained where no request was made that the jury fix the punishment.

 It is next contended that the trial court erred in refusing to give defendant's requested instruction on circumstantial evidence. The requested instruction was taken verbatim from model instructions which have been long approved by this court. See McCoin v. State, 95 Okl.Cr. 93, 240 P.2d 452, and cases therein cited. The trial court refused to give the instruction and did not give any instruction at all on circumstantial evidence. This constituted reversible error. In this case the proof of the State showed that certain officers of Beckham County went to the premises described in the warrant an hour or two before the warrant was served. A dance was in progress in the dance hall. During the time that they were watching the premises they saw the defendant leave the dance hall and go through the gate toward his residence. On one of these occasions they saw him return and converse with a man. After the defendant had walked into the dance hall, this man with whom he had conversed was seen drinking out of a bottle and after he had finished, he tossed the empty bottle away. The officers went to where the bottle was thrown and picked it up. It was a half pint whiskey bottle and was the same brand as the other half pint bottles of whiskey which were later seized and which formed the basis for the prosecution. Most of the whiskey which the officers found was buried in a flower bed about 6 feet from the house in which defendant's daughter lived and which was about 60 feet from defendant's house. Some of it was found on the outside of the fence. None of it was found in defendant's house described in the warrant nor immediately around his house. The defendant testified in his own behalf that he had never been convicted of any crime and was not in the whiskey business. He specifically denied the ownership of the whiskey which the officers found. The defendant owned the entire tract of land including that where the whiskey was found, but as hereinabove noted, various other parties also lived on the premises. There were sufficient circumstances to require the submission of the case to the jury but the evidence against the accused was wholly circumstantial and when requested, it was error for the trial court to refuse to instruct on circumstantial evidence. Turvey v. State, 95 Okl.Cr. 418, 247 P.2d 304; Brumley v. State, 96 Okl.Cr. 97, 249 P.2d 471; Craigo v. State, 64 Okl.Cr. 362, 81 P.2d 336; Cornett v. State, 96 Okl.Cr. 125, 250 P.2d 55.

The other assignments of error are without substantial merit.

Because of the refusal of the trial court to give defendant's requested instruction on circumstantial evidence, the judgment and sentence of the County Court of Beckham County is reversed and the case is remanded for a new trial.

BRETT and POWELL, JJ., concur.