Floyd Lee **MORRISON**, Appellant,

v.

The **STATE** of **Oklahoma**, Appellee.

No. F-77-399.

Court of Criminal Appeals of Oklahoma.

Sept. 3, 1980.

Rehearing Denied Nov. 10, 1980.

---

8. *Jones v. Jones*, 459 P.2d 603 (Okl.1969); *Kunze v. Wilkerson*, 426 P.2d 340 (Okl.1967); *Perdue v. Hartman*, 408 P.2d 293 (Okl.1965).

Don E. Gasaway, and Mac D. Finlayson, Woodson & Gasaway, Tulsa, for appellant.

Larry Derryberry, Atty. Gen., Duane N. Rasmussen, Asst. Atty. Gen., for appellee.

## OPINION

BUSSEY, Judge:

Floyd Lee Morrison appeals his conviction following a jury trial on a charge of Unlawful Sale of Movies Showing Acts of Sexual Intercourse or Unnatural Copulation, in violation of 21 O.S.1971, § 1040.51, in the Tulsa County District Court, Case No. CRF–76–101. Punishment was set at ten (10) years imprisonment and a fine of Twenty–Five Thousand Dollars ($25,000.00), with the last seven (7) years and Twenty–Two Thousand Dollars ($22,000.00) suspended.

### I

On appeal, the appellant asserts thirteen assignments of error, several of which are premised on propositions rejected by this Court in the recent case of *Hunt v. State*, Okl.Cr., 601 P.2d 464 (1979). These include the following:

Assignment of error No. 1: that 21 O.S.1971, § 1040.51, is unconstitutionally vague and overbroad. However, this provision implicitly incorporates each of the standards set out by the United States Supreme Court in *Miller v. California*, 413 U.S. 15, 93 S.Ct. 2607, 37 L.Ed.2d 419 (1973); and as so construed may be constitutionally applied. 601 P.2d at 466.[1]

Assignment of error No. 2: that the amended information which charged the offense in the language of the statute, with an additional allegation that the film was obscene, failed to state a cause of action since it did not further allege the *Miller* standards. However, the term "obscene" is a word of art sufficiently conveying the gravamen of the charge and further allegations under the *Miller* standards are unnecessary. 601 P.2d at 466.

Assignment of error No. 3: that a magazine purchased at the same time as the film may not provide a basis for the appellant's subsequent arrest, and the film should have been suppressed. Even though the film was not viewed by the authorities prior to the arrest of appellant and his employee, other material purchased simultaneously and viewed by the officers may provide a basis for subsequent warrantless arrest. 601 P.2d at 466, 467. Moreover, the appellant's arrest was pursuant to an arrest warrant, which warrant is not challenged on appeal, and the magazine and film were acquired by purchase, not search and seizure.

Assignments of error Nos. 4 and 5: that the evidence was insufficient in that the State offered no testimony that the film was obscene, and the trial court's approval of this procedure impermissibly shifted the burden of proof to the appellant; and, that the burden shifted back to the State upon the production of defense testimony as to the level of contemporary

community standards and was not satisfied by the prosecution. However, by introducing a film which depicted sexual intercourse, cunnilingus and fellatio, the State established a prima facie case, and special expert testimony was unnecessary. 601 P.2d at 467. See also *Hildahl v. State*, Okl.Cr., 536 P.2d 1292 (1975).

Assignment of error No. 7: that the punishment authorized by 21 O.S.1971, § 1040.51, is excessive and amounts to unconstitutionally cruel and unusual punishment, especially viewed against punishments prescribed by law for certain other crimes or for the same crime in other jurisdictions. However, the punishment prescribed by Section 1040.51–a maximum of fifteen (15) years' imprisonment and/or a fine of Twenty–Five Thousand Dollars ($25,000.00)–expresses the Oklahoma Legislature's great concern with the obscenity traffic and serves a valid legislative purpose. Arguments based on the relative severity of the range of punishment provided are best addressed to the Legislature, not the courts. 601 P.2d at 467.

## II

The appellant contends under his sixth assignment of error that the verdict is contrary to the law and the evidence in that 21 O.S.1971, § 172, should not be extended to an employer for an unlawful sale made by an employee.

Title 21 O.S.1971, § 172, provides as follows:

"Principals defined.—All persons concerned in the commission of crime, whether it be felony or misdemeanor, and whether they directly commit the act constituting the offense, or aid and abet in its commission, though not present, are principals."

This Court stated in *Scroggs v. State*, 65 Okl.Cr. 293, 85 P.2d 764 (1938), in the

---

1. Appellant's further contention that § 1040.51 violates the ex post facto clauses of the state and federal constitutions is without merit. No retrospective application of a subsequently enacted law is shown, since this section was in force and effect at the time of the crime. See *Dobbert v. Florida*, 432 U.S. 282, 97 S.Ct. 2290, 53 L.Ed.2d 344 (1977), reh. den. 434 U.S. 882, 98 S.Ct. 246, 54 L.Ed.2d 166 and 16A C.J.S. Constitutional Law § 435. This argument appears to go to vagueness, or a lack of notice, which objection has been addressed above.

second paragraph of the Syllabus, the following:

"Where an attempt is made to convict a defendant and to hold him criminally responsible for the acts of his employee, it must be clearly shown that such act was reasonably within the scope of the agent's employment, or was an act done within the course of the principal's business."

See also *Simpson v. State*, 14 Okl.Cr. 484, 173 P. 529 (1918), and *United States v. Hall*, 424 F.Supp. 508 (W.D.Okl.1975), *affirmed*, 536 F.2d 313 (10th Cir. 1976), *cert. denied*, 429 U.S. 919, 97 S.Ct. 313, 50 L.Ed.2d 285 (1976).

■ The appellant's liability under this test is clear. As noted in the next assignment of error, the appellant was the owner of the establishment, carefully selected the film at issue and others for viewing and sale in the store, was aware that these films were being sold in the store up to the very day of the arrest of his clerk, and was personally involved in making possible the sale involved here. This assignment of error is without merit.

■ The appellant contends in his eighth assignment of error that the trial court erred in refusing to give a jury instruction on the scienter element of the charged offense under 21 O.S.1971, § 1040.-51. We agree that the trial court erred, but we are persuaded that the error was harmless, given the overwhelming evidence of scienter in this record.

Prosecution witness Carla Wood testified that she told the appellant over the telephone that she proposed to purchase "hard core" materials. The appellant denied this from the witness stand. However, the appellant gave the following testimony: from July, 1975, until September, 1976, the appellant displayed the film underlying the instant charge and similar films on coin–operated machines at his place of business; the appellant had carefully selected these films by visiting other adult book stores in the Tulsa area and consulting the proprietors. On September 30, 1976, police raided his establishment, whereupon he stopped showing those films in the viewing machines.

However, he continued to sell these types of films–the film at issue was one of a dozen or so such films in the inventory on September 30, 1976–to patrons until January 13, 1976, when the instant events underlying this prosecution occurred, believing all the while that the films were legal. These films and other relatively expensive items were kept in the display counter and in a small storage room. After Carla Wood called him, he telephoned approval for purchases by Wood to his clerk on duty, James Shirley.

■ The requirement of scienter serves to prevent imposing strict or absolute liability on book and film distributors, irrespective of their knowledge of the contents of the book and even if they lack the slightest notice of the character of the items sold. See *Smith v. California*, 361 U.S. 147, 80 S.Ct. 215, 4 L.Ed.2d 205 (1959).

■ A requirement of scienter is implicit in 21 O.S.1971, § 1040.51, and an appropriate jury instruction has been mandated by this Court. See *Hanf v. State*, Okl.Cr., 560 P.2d 207 (1977). However, the prosecution need only show that accused knew the nature and character of what he is selling. *Hunt v. State*, Okl.Cr., supra.

Here, as in *Hunt*, it is clear that Appellant knew the character and nature of the film sold to Carla Wood. We believe that scienter is clearly established where the owner of an establishment carefully selects the films in the store inventory, fully contemplating and intending that the items may be sold in the course of business by an employee, and communicates special permission to his employee for the particular sale of films at issue.

■ The appellant contends in his ninth assignment of error that the trial court erred in refusing to give an instruction to the jury outlining the appellant's theory of consent, waiver of estoppel. The appellant does not allege on appeal selective enforcement by the authorities.

The only requested defense instruction appearing to cover this theory is instruction number 13, which recites in part as follows:

"That Statute here requires that the Defendants acted knowingly. This means that the State must prove, beyond a reasonable doubt, that the Defendants had guilty knowledge. In other words, the proof must show, beyond a reasonable doubt, that the Defendants knew the contents of the films were obscene as specifically prohibited.

"... In other words, if you find that the Defendant relied on the implied consent of commissioned law enforcement officers of the City of Tulsa and State of Oklahoma, then you find that the Defendant had no guilty knowledge and must therefore acquit."

It is clear that the instruction is based on an erroneous premise: the State need not only show that the accused is aware of the actual character and nature of the film. See *Hunt v. State*, supra, 601 P.2d at 469. Therefore statements by individual visiting policemen or the absence of prosecution under the statute for some period of time cannot excuse an accused, since his subjective belief as to the lawfulness of the materials is not determinative. This assignment of error is without merit.

▮▮▮ The appellant's tenth assignment of error asserts that the trial court erred in refusing his request that the judge determine the punishment should a verdict of guilt be returned, rather than the jury. He urges in support that 22 O.S.1971, § 926, makes jury involvement in assessing punishment dependent upon a request by the accused.

Section 926 provides as follows:

"Punishment, jury may assess, when—In all cases of a verdict of conviction for any offense against any of the laws of the State of Oklahoma, the jury may, and shall upon the request of the defendant assess and declare the punishment in their verdict within the limitations fixed by law, and the court shall render a judgment according to such verdict, except as hereinafter provided."

This precise issue was addressed by this Court in *Reddell v. State*, Okl.Cr., 543 P.2d 574, 581 (1975), wherein it was stated:

"We do not agree with the defendant's contention that a defendant may waive his right to have the jury assess punishment. Such reasoning is fallaciously premised on the view that the defendant has a right to have the trial court assess the punishment. We do not feel that the corollary of a statutory right is necessarily valid...." (Citation omitted)

We reaffirm the views expressed above, and this assignment of error is without merit.

▮▮▮ The appellant complains as his eleventh assignment of error that improper cross–examination and closing argument by the prosecutor denied him a fair trial. The appellant first complains of the following questions posed on cross–examination of defense witness Patrick Richardson:

"Q. Have [you] any children?

"A. Yes, sir.

"Q. Do you let your children see these?"

This questioning followed the witness' statement that he had never purchased films, but did have a collection of sexually explicit books and magazines.

This passage was then followed by:

"Q. (BY Mr. Musseman) Do you allow your children to see this kind of material?

"A. Well, my–wife has custody of them, but—

"Q. Yes, or no?

"A. Would I allow it?

"Q. Do you allow it?

"A. I guess by proxy, yes, sir."

We cannot agree that the witness' testimony on direct examination that the film was not personally offensive to him opened the door to this questioning. We have previously condemned this type of comment during a trial of obscenity charges. See *Hunt v. State*, supra; *Stockton v. State*, Okl.Cr., 536 P.2d 982 (1975); *Hildahl v. State*, supra. The appellant's assignment of error in this regard is well taken.

The appellant next points to the prosecutor's statement in closing argument that the amended information contained all of the State's material facts and allegations against the appellant. The appellant con-

tends that this was incorrect, since the amended information did not set out the *Miller* standards. This is without merit for reasons stated previously under the second assignment of error.

■ The appellant further contends that the prosecutor misstated the law to the jury in closing argument. The complained of remark appears as follows:

"[A]s instruction number four tells you, you are to apply four ingredients or conditions to determine in your mind whether or not it is obscene.

"Number one, it must depict in a patently offensive way an act or acts of sexual intercourse or unnatural copulation. Answer it in your mind: Did that do so? . . ."

However, it is obvious that the prosecutor was reading from jury instruction No. 4 and discussing in turn each part of the definition of obscenity contained therein. The statement objected to is clearly not, as one part of the definition of obscenity, an incorrect statement of law. See *Miller v. California*, supra.

■ The appellant further assigns as error the prosecutor's statement in closing argument, "Don't hold me to beyond a reasonable doubt. Hold me to beyond any doubt in your mind, because that's what I've shown to you by the evidence; not reasonable, but beyond any." The statement clearly was intended to convey the prosecutor's belief in the strength of his case, and no significant possibility that the jury was misled as to the applicable law appears. The statement is within the liberal freedom of speech accorded counsel in closing argument.

■ The appellant finally contends under this assignment of error that the prosecutor erred in closing argument in making the following statement:

"Well, if somebody will pay for it, then let's make it legal because a segment of the community likes it. That's not what the instructions say. They say the community standard. There is a segment of this community that commits burglaries, but does that mean that's the standard of the community?"

The remark was in response to closing argument by defense counsel that large sums of money were spent in the community for material of this genre. However, we are of the opinion that the remark was unwarranted and improper. The crime charged is defined in part by community standards of acceptability; other crimes, including burglary, are not so defined. To this extent the remark was misleading. Moreover, the prosecutor could have made his point without injecting such a prejudicial analogy.

The appellant contends in his twelfth assignment of error that the trial court erred in failing to conduct a separate private voir dire of each prospective juror. He contends that such was clearly warranted: at least one of the veniremen was unable to answer honestly in open court, and he approached the judge privately during recess to express his prejudice against the appellant and his desire to be excused. Moreover, such would have avoided exposing the whole jury panel to the remark of one juror on voir dire that a film depicting sexual activity described by defense counsel would be obscene.

■ Whether a private individual voir dire should be conducted is a matter for the discretion of the trial court. *Vavra v. State*, Okl.Cr., 509 P.2d 1379 (1973). The transcript of voir dire reveals that counsel was very explicit in probing for possible juror prejudice, and the jurors were overall candid in their responses. The juror who approached the judge had not been reluctant to speak because of the presence of other jurors, but because of his desire to avoid a lengthy interrogation, such as experienced by another juror who expressed misgivings over the film. The remark noted in the presence of the other jurors was in response to defense counsel's inquiry whether the juror would have a preconceived opinion as to whether the film was obscene. To require separate individual voir dire to avoid prejudicial responses to such questions would be to require such in virtually all cases. Such a requirement

would be unduly burdensome and would likely afford no greater protection for an accused. See *Margoles v. United States*, 407 F.2d 727 (7th Cir. 1979). In addition, the presence of prejudice from the remark is doubtful; counsel did not object to the response, nor did he request that the jury be admonished, nor did he question the remaining jurors as to the effect of the remark.

While private individual voir dire may be very useful in certain contexts–e. g., possible juror exposure to prejudicial publicity, see *Silverthorne v. United States*, 400 F.2d 627 (9th Cir. 1968)–no abuse of discretion appears from the trial court's denial of the request in this case.

██ As his thirteenth assignment of error, the appellant contends that an accumulation of error appears in this record which acted to deprive him of a fair trial. We have noted certain errors, which although not sufficient to have influenced the verdict of guilt may have influenced the assessment of punishment; therefore, it is the opinion of this Court that, in the interests of justice, the sentence should be modified from a sentence of 10 years' imprisonment, with 7 years suspended, and a fine of $25,000.00, with $22,000.00 suspended, to three years to serve with an additional two years suspended and a fine of Three Thousand Dollars ($3,000.00). As so *MODIFIED*, the judgment and sentence is *AFFIRMED*.

CORNISH, P. J., concurs.

BRETT, J., concurs in part and dissents in part.

BRETT, Judge, concurring in part and dissenting in part.

I concur that the sentence in this conviction should be modified. However, I dissent to the treatment of this conviction as a felony for the same reasons I expressed in my statement in *Hunt v. State*, Okl.Cr., 601 P.2d 464 (1979) at p. 471.