**Ruddie D. TRIM, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

**No. F–89–1207.**

Court of Criminal Appeals of Oklahoma.

Jan. 5, 1996.

Rehearing Denied Feb. 6, 1996.

**842**

J.W. Coyle, III, Coyle & Henry, Oklahoma City, for Appellant at trial.

Kayce Gisinger, Assistant District Attorney, Oklahoma City, for Appellee at trial.

J.W. Coyle, III, David T. McKenzie, Coyle & Henry, Oklahoma City, for Appellant on appeal.

Robert H. Henry, Attorney General of Oklahoma, Diane L. Slayton, Assistant Attorney General, Oklahoma City, for Appellee on appeal.

## OPINION

LANE, Judge:

Ruddie D. Trim was convicted by jury of three counts of Selling Obscene Magazines in violation of 21 O.S.Supp.1984, § 1021(A)(3) in Oklahoma County District Court Case No. CRF–88–2837, Honorable James L. Gullett presiding. He was sentenced to pay a $4000 fine per count and sentence was suspended on two counts. We affirm Count I and reverse Counts II and III with instructions to dismiss.

Trim, a clerk at the Adult World Bookstore, sold three obscene magazines to undercover police. The undercover police selected the magazines and bought all three at once. Trim was arrested shortly thereafter and charged with three counts of Selling Obscene Magazines, one per magazine. He argues in his first proposition the filing of multiple counts based on the single transaction violates his Fifth Amendment right to be free from double jeopardy. Relying on cases from other jurisdictions,[1] the State presents a well reasoned argument to affirm all three counts. We are not persuaded to look to

---

1. *Educational Books, Inc. v. Commonwealth,* 228 Va. 392, 323 S.E.2d 84 (1984); *City of Madison v. Nickel,* 66 Wis.2d 71, 223 N.W.2d 865 (1974).

other jurisdictions, however, for the issue is well settled in Oklahoma.

In *Hunnicutt v. State*, 755 P.2d 105 (Okl. Cr.1988) this Court held the federal constitutional right to be free from double jeopardy bars conviction for multiple counts of one offense arising out of one transaction. Hunnicutt paid an undercover police officer and was given a sack containing two stolen pistols. This transaction supported only one count of attempting to receive stolen property. *Id.* at 110–111. A similar result was reached in *Watkins v. State*, 829 P.2d 42 (Okl.Cr.1991) *modified,* 855 P.2d 141 (Okl.Cr. 1992). In *Watkins* the defendant was convicted of two counts of conspiracy and possession with intent to distribute controlled dangerous substances after shipping a single package which contained both cocaine and phencyclidine. This Court followed *Hunnicutt* and reversed on double jeopardy grounds upon finding the convictions arose out of a single transaction. *Id.* at 43.

Nothing in the defining language of 21 O.S.Supp.1984, § 1021(A)(3) suggests a different result. Accordingly, judgment and sentence for two of the three Counts must be reversed and remanded with instructions to dismiss.

■ Citing *Brockett v. Spokane Arcades, Inc.,* 472 U.S. 491, 105 S.Ct. 2794, 86 L.Ed.2d 394 (1985), Appellant next argues 21 O.S.Supp.1984, § 1021(A)(3) is unconstitutionally overbroad for it criminalizes behavior protected by the First Amendment. This argument balances precariously on the definition of "sexual conduct" found in 21 O.S.Supp.1984, § 1024.1(3)(a):

Acts of sexual intercourse including any intercourse which is normal or perverted, actual or simulated.

Appellant does not say what relevance this definition has to § 1021(A)(3) under which he was prosecuted, and we find none. Section 1021(A)(3) does not address acts of sexual intercourse; it addresses only the obscene or indecent—material beyond the reach of the First Amendment. *See Miller v. California,* 413 U.S. 15, 23, 93 S.Ct. 2607, 2614, 37 L.Ed.2d 419 (1972).

Appellant continues his constitutional challenge of § 1021 by claiming his right to equal protection [2] was violated when the trial court refused to instruct the jury that he was exempt from prosecution based on the provisions of 21 O.S.1981, § 1040.53 which protects movie theater employees. This statute provides in part:

The provisions of statutes of this state and the provisions of ordinances of any city prescribing a criminal penalty for exhibit of any obscene motion picture shown in a commercial theater open to the general public shall not apply to a projectionist or assistant projectionist, usher or cashier, provided he has no financial interest in the show or in its place of presentation other than regular employment as a projectionist or assistant projectionist, usher or cashier. Provided further, that such person is not acting as manager or director of such theater.

Appellant asserts he is similarly situated with the employees of theaters which show obscene films, yet he is not similarly exempt from prosecution. Appellant correctly notes this Court has held § 1040.53 does not extend to clerks who sell obscene materials in bookstores. *See Glenn v. State,* 749 P.2d 121, 124 (Okl.Cr.1988).

■ To determine whether this statutory distinction offends the Equal Protection Clause, we first determine the level of scrutiny to apply to the legislative classification of bookstore clerks on the one hand, and movie theater employees on the other. If the classification interferes with the exercise of a fundamental right, or if it disadvantages a suspect class, the Court must apply strict scrutiny, and the classification is constitutional only if it satisfies a compelling state interest. *See Plyler v. Doe,* 457 U.S. 202, 217 n. 15, 102 S.Ct. 2382, 2395 n. 15, 72 L.Ed.2d 786 (1982) (fundamental right); *Id.* at 216 n. 14, 102 S.Ct. at 2394 n. 14 (suspect class).

As obscene material is outside the protection of the First Amendment, no fundamental right is involved here. Bookstore clerks are not a suspect class for the group is not defined by "circumstances beyond their con-

2. U.S. Const. amend. XIV, § 1.

trol [which] suggest the kind of 'class or caste' treatment the Fourteenth Amendment was designed to abolish." *Id.* Thus § 1040.53 need not be subjected to strict scrutiny.

■ We need only determine whether there is a rational basis for the legislative distinction which protects movie theater employees but not bookstore clerks. A rational basis exists if the legislative classification is reasonably related to the purpose for which the classification is made. *Baxstrom v. Herold,* 383 U.S. 107, 111, 86 S.Ct. 760, 763, 15 L.Ed.2d 620 (1966).

When we compare the employment responsibilities of bookstore and movie theater employees, we find significant differences. Movie theater employees have no control or influence over what film is seen. They simply sell tickets, and show the film provided by the manager. Significantly, the manager is not exempt. 21 O.S.1981, § 1040.53.

The bookstore clerk has a more active role in sales than the exempt movie theater employee. The clerk may direct customers to certain materials, or recommend certain materials over others. The clerk's decision-making role in the dissemination of obscene material is potentially much greater than that of the movie theater employee. On this basis the legislative distinction between the two groups sustains rational basis scrutiny. We find no equal protection violation here.

■ Appellant's final argument addresses instruction of the jury. He argues the scienter standard set forth in Instruction 5 is correct, but the standard imposed by Instruction 6 is not. Instruction 5 provided:

You are instructed that the words 'knowingly' and/or 'wilfully' as used in these instructions, require that you must find beyond a reasonable doubt from all the evidence in this case, (either direct or circumstantial, or both) that the defendant, Ruddie D. Trim, knew the contents of the material introduced into evidence as States's exhibits No. one (1) and two (2) and three (3).

You are instructed that acts of the defendant must be wilful under the statute.

In this connection you are instructed that for the defendant to have wilfully sold an obscene magazine(s) he must have knowledge of the character of the contents of the magazine alleged to be obscene.

We agree this instruction is proper. *See Hanf v. State,* 560 P.2d 207, 211 (Okl.Cr. 1977).

■ Instruction 6 provided:

It is not necessary that the Defendant be shown to have known the exact content or to have actually seen or read the particular materials at issue, but only that he knew the nature and character of the materials distributed. It does not matter that the Defendant did not know or believe the materials were obscene.

This Instruction is in harmony with *Hanf.* In *Hanf* we held that proof of an awareness, rather than absolute knowledge, of the nature of the material sold is sufficient to meet the constitutional guidelines established in *Smith v. California,* 361 U.S. 147, 80 S.Ct. 215, 4 L.Ed.2d 205 (1959) *reh'g denied,* 361 U.S. 950, 80 S.Ct. 399, 4 L.Ed.2d 383 (1960). *Hanf* 560 P.2d at 210–11. This standard of proof was further clarified in *Morrison v. State,* 619 P.2d 203 (Okl.Cr.1980) in which we held that in order to prove scienter, "the prosecution need only show that [the] accused knew the nature and character of what he is selling." *Id.* at 208. Thus, Instruction 6 explains rather than contradicts Instruction 5. There is no error identified by this argument.

Having found two of the three convictions in this case violate the appellant's constitutional right to be free from double jeopardy, we **AFFIRM** Count I, and **REVERSE** Counts II and III **WITH INSTRUCTIONS TO DISMISS.**

CHAPEL, V.P.J., and LUMPKIN and STRUBHAR, JJ., concur.

JOHNSON, P.J., concurs in part/dissents in part.

JOHNSON, Presiding Judge, concurring in part/dissenting in part.

While I agree with the opinion concerning the principles of Double Jeopardy, I must

dissent to the majority's application of equal protection analysis.

A classification against a class member must be reasonable, not arbitrary, and must rest upon some ground of difference having a fair and substantial relation to the object of the legislation. All persons similarly circumstanced shall be treated alike. *Stanton v. Stanton,* 421 U.S. 7, 14, 95 S.Ct. 1373, 1377, 43 L.Ed.2d 688, 694 (1975). Equal protection emphasizes a difference in treatment between classes of individuals whose situations are the same. *Evitts v. Lucey,* 469 U.S. 387, 406, 105 S.Ct. 830, 841, 83 L.Ed.2d 821, 836 (1985).

It is obvious to me that the members of the class within 21 O.S.1981, § 1040.53, will never be heard to complain because they are criminally exempt under the statute. Thus, only one outside the class, but similarly circumstanced, will ever be heard to cry "foul" at the different treatment. We have that very scenario before us at this time.

Title 21 O.S.1981, § 1040.53 criminally exempts a projectionist, assistant projectionist, usher or cashier in a commercial theatre open to the general public which exhibits obscene motion pictures, provided that the party is not acting as manager and has no financial interest in the theatre. However, 21 O.S.Supp.1986, § 1021(A) provides criminal penalty for every person who willfully "sells, distributes, keeps for sale, or exhibits any obscene or indecent writing, paper, book, picture, photograph, motion picture, figure, or form of any description...."

I am of the opinion that an employee of a commercial theatre exhibiting obscene motion pictures, who has no financial interest and is not acting as manager, and an employee of a commercial adult bookstore displaying obscene magazines, again having no financial interest in the store and not acting as manager, are similarly circumstanced. I find no substantive distinction between a cashier of a commercial adult theatre and a cashier of a commercial adult bookstore. Yet, one can be criminally prosecuted, while the other is criminally exempt.

Thus, I would hold 21 O.S.Supp.1984, § 1021(A)(3) unconstitutional as it denies equal protection to individuals whose situations are arguably indistinguishable. I would further **REVERSE** this case with instructions to **DISMISS**.