No. 72–1709. CHEROKEE NEWS & ARCADE, INC., ET AL. *v.* OKLAHOMA. Ct. Crim. App. Okla. Certiorari granted, judgment vacated, and case remanded for further consideration in light of *Miller* v. *California,* 413 U. S. 15 (1973); *Paris Adult Theatre I* v. *Slaton,* 413 U. S. 49 (1973); *Kaplan* v. *California,* 413 U. S. 115 (1973); *United States* v. *12 200-Ft. Reels of Film,* 413 U. S. 123 (1973); *United States* v. *Orito,* 413 U. S. 139 (1973); *Heller* v. *New York,* 413 U. S. 483 (1973); *Roaden* v. *Kentucky,* 413 U. S. 496 (1973); and *Alexander* v. *Virginia,* 413 U. S. 836 (1973). MR. JUSTICE DOUGLAS, being of the view that state obscenity regulation is prohibited by the Fourteenth and First Amendments (see *Paris Adult Theatre I* v. *Slaton,* 413 U. S. 49, 70 (DOUGLAS, J., dissenting)), would grant certiorari and reverse

the judgment of conviction.

MR. JUSTICE BRENNAN, with whom MR. JUSTICE STEWART and MR. JUSTICE MARSHALL join, dissenting.

Petitioners were convicted on charges of selling allegedly obscene materials in violation of Okla. Stat. Ann., Tit. 21, §§ 1040.8, 1040.13 (Supp. 1973). Section 1040.8, among other things, makes it "unlawful for any person to knowingly . . . sell . . . or otherwise distribute . . . any obscene book, magazine, . . . or other article which is obscene, filthy, indecent, lascivious, lewd or unfit, as defined in Title 21 of the Oklahoma Statutes, § 1040.12 . . . ." Section 1040.13 provides in relevant part that "[e]very person who, with knowledge of its contents, . . . sells, . . . any obscene, lewd, lascivious, filthy or indecent article . . . is guilty of a misdemeanor . . . ."

It is my view that, "at least in the absence of distribution to juveniles or obtrusive exposure to unconsenting adults, the First and Fourteenth Amendments prohibit the State and Federal Governments from attempting wholly to suppress sexually oriented materials on the basis of their allegedly 'obscene' contents." *Paris Adult Theatre I* v. *Slaton,* 413 U. S. 49, 113 (1973) (BRENNAN, J., dissenting). It is clear that, tested by that constitutional standard, §§ 1040.8 and 1040.13 are constitutionally overbroad and therefore invalid on their face. For the reasons stated in my dissenting opinion in *Miller* v. *California,* 413 U. S. 15, 47 (1973), I would therefore grant certiorari, vacate the judgment of the Oklahoma Court of Criminal Appeals, and remand for further proceedings not inconsistent with my *Paris Adult Theatre I* dissent. In that circumstance, I have no occasion to consider at this time whether other questions presented in the petition merit plenary review. See *Heller* v.

*New York,* 413 U. S. 483, 494 (1973) (BRENNAN, J., dissenting).