Al HANF, d/b/a the Body Shop,
Appellant,

v.

The STATE of Oklahoma, Appellant.

No. F–76–213.

Court of Criminal Appeals of Oklahoma.

Feb. 7, 1977.

Robert G. Brown, Brown, Breckinridge & Messler, Tulsa, for appellant.

Larry Derryberry, Atty. Gen., Frank Muret, Asst. Atty. Gen., for appellee.

## OPINION

BRETT, Judge:

Appellant, Al Hanf, d/b/a The Body Shop, hereinafter referred to as defendant, was convicted in the District Court, Tulsa County, Case No. CRF 73–2110, for the offense of Selling a Magazine Showing Acts of Sexual Intercourse in violation of 21 O.S.1971, § 1040.51. His punishment was fixed at seven (7) years' imprisonment and a Seven Thousand ($7,000.00) Dollar fine. From said judgment and sentence an appeal has been filed with this Court.

At trial the State called as its only witness William McDonald of the Tulsa Police Department. Officer McDonald testified that on September 4, 1973, at approximately 4:00 p. m., he entered The Body Shop, an adult book store in Tulsa, browsed around the store for a few minutes, and purchased a copy of "Screw" magazine, No. 233, from the defendant. He identified State's Exhibit No. 1 as the magazine which he had purchased. On page 17 of the exhibit is a picture of sexual intercourse, the only such picture in the entire 40-page publication.

Over the objection of defense counsel, McDonald described the layout of the store and its contents, which included magazines and soft-cover books, of which the higher priced ones were wrapped in cellophane. McDonald described the covers of these publications as "showing men and women in various stages of dress and undress; most of them undressed. Further down, there are books showing men, only, on the cover in various stages of dress and undress. On the other side, there were several pictures of black and white—either black male and white female, or vice versa on the covers." McDonald stated he picked up State's Exhibit No. 1 from a stack of similar magazines on the floor. He took the magazine to a counter behind which the defendant was standing. Defendant asked him how much the magazine cost and took payment from him.

On cross-examination McDonald testified there was a sign outside the entrance to The Body Shop limiting admittance to persons 21 years of age or older.

After the State rested its case, the defense demurred to the evidence, and was overruled. After a short recess the defense moved for a mistrial, alleging prejudice of a juror from a remark made by the clerk of another judge, which the defense claimed

the juror may have overheard during the recess. The motion was denied. The defense then rested.

A careful examination of the record and the briefs before this Court, coupled with a close scrutiny of the Oklahoma statutes, has led us to the unavoidable conclusion that the defendant's conviction must be reversed and the case remanded for whatever action consistent with this opinion the State deems necessary.

## I

Our analysis of this case begins with the examination of 21 O.S.1971, § 1040.51.[1] In *State v. Combs*, Okl.Cr., 536 P.2d 1301 (1974), this Court held constitutional the provisions of 21 O.S.1971, § 1040.51 and incorporated the guidelines enunciated in *Miller v. California*, 413 U.S. 15, 93 S.Ct. 2607, 37 L.Ed.2d 419 (1973), and reversed and remanded for further proceedings in accordance with the guidelines enunciated in *State v. Combs*, supra.

The *Miller* case struck the balance between the personal rights of freedom of expression and of the press, guaranteed to citizens by the First Amendment and made applicable to the states through the Fourteenth Amendment, and the state interest of protecting its citizens from obscene material. A state may regulate "works which depict or describe sexual conduct" so long as the statutes are carefully drawn, either by wording of the statutes or in their application.[2]

The basic guidelines of *Miller* require that the trier of fact find: (1) The average person, applying contemporary community standards, would find that the work, *taken as a whole*, appeals to the prurient interests; (2) The work depicts or describes, in a

patently offensive way, sexual conduct specifically defined by state law; and, (3) The work *taken as a whole*, lacks serious literary, artistic, political, or scientific value.[3]

The text[4] of Section 1040.51 specifically prohibits the sale of "any picture, moving picture, series of pictures, drawing, diagram or photograph of any person or animal or caricature thereof in an act or acts of sexual intercourse or unnatural copulation . . . ." It is apparent to this Court that on its face Section 1040.51 was intended by the Legislature to regulate material that is predominantly pictorial, i. e., pornographic movies, magazines with little or no textual material, individual photographs or drawings, depicting acts within the statutory prohibition.

Although State's Exhibit No. 1 contains many headlines, articles, photographs and drawings that would be considered offensive to most persons, it is clear that in applying the above standard to the Exhibit we must find the publication is not of the type intended to be regulated by Section 1040.51. The *Miller* guidelines require that the exhibit be considered as a whole, but the thrust of Section 1040.51 is at specific graphic representations of sexual intercourse. The conflict created between the specific aim of the statute and the specific guidelines incorporated into it cannot be resolved in any manner which will constitutionally allow prosecution of a publication of the type as State's Exhibit No. 1 under § 1040.51.

Our prospective holding merely adds a clarifying gloss that makes Section 1040.51 more definite. We do not hold that the defendant cannot be retired under another statute. We note in passing that 21 O.S. 1971, § 1021(3),[5] deals, *inter alia*, with the

---

1. Title 21 O.S.1971, § 1040.51, reads as follows, in pertinent part:

   "Any person who knowingly buys, sells, barters, traffics in, or causes to be delivered or transported in Oklahoma, any picture, moving picture, series of pictures, drawing, diagram or photograph of any person or animal or caricature thereof in an act or acts of sexual intercourse or unnatural copulation shall be deemed guilty of a felony, . . . ."

2. *Miller v. California*, supra, at page 24, 93 S.Ct. at 2614.

3. *Id.*

4. See n. 1.

5. Title 21 O.S.1971, § 1021(3), reads in pertinent part:

   "Every person who wilfully either:

selling of obscene pictures *and writings*, the class of publications into which State's Exhibit No. 1 would be placed. It is possible that the publication could constitutionally be found obscene under Section 1021(3), into which this Court has incorporated the *Miller* guidelines. See, *McCrary v. State* Okl.Cr., 533 P.2d 629 (1974).

## II

In his combined first and second assignments of error, the defendant argues that the State failed to introduce sufficient evidence of scienter to justify the giving of a circumstantial evidence instruction to the jury. Scienter, a specific awareness of the contents which make the publication obscene, is a necessary element of an obscenity statute and cannot be replaced with a strict liability standard. *Smith v. California*, 361 U.S. 147, 80 S.Ct. 215, 4 L.Ed.2d 205 (1959). Scienter is incorporated into Section 1040.51 in its "knowingly" requirement and into Section 1021 in its "wilfully" requirement.

Scienter does not mean that a defendant must have been aware at the time he sold the publication that the material it contained was obscene. It requires only that he was aware of the actual contents of the publication. Whether a defendant has knowledge of such contents is a fact peculiarly within his own mind. For this reason it is rarely, if ever, that such guilty knowledge is susceptible to direct proof. As a practical matter, this Court recognizes the principle that guilty knowledge may be shown by circumstantial evidence as well as by direct and actual proof. See *Cherokee News & Arcade, Inc. v. State*, Okl.Cr., 509 P.2d 917 (1973); vacated on other grounds, 414 U.S. 967, 94 S.Ct. 277, 38 L.Ed.2d 212 (1973); conformed Okl.Cr., 533 P.2d 624 (1974); *Smith v. California*, supra; *Mishkin v. New York*, 383 U.S. 502, 86 S.Ct. 958, 16 L.Ed.2d 56 (1966).

After a careful review of the record and the instructions in the case at bar, this Court is of the opinion that the instructions, individually or taken as a whole, did not convey to the trier of fact the concept of scienter. Instruction No. 4[6] is the general circumstantial evidence instruction. Instruction No. 5[7] is a partial recitation of the statutory prohibition under Section 1040.51. Under these instructions the jury was charged with finding the defendant guilty, if it believed the State had proved beyond a reasonable doubt that the defendant had sold Officer McDonald the magazine, and that the magazine contained a picture of sexual intercourse. The trial court reinforced this impression through comments she made to the defense counsel and the prosecutor in the presence of the

\* \* \* \* \* \*

"(3) writes, composes, stereotypes, prints, photographs, designs, copies, draws, engraves, paints, molds, cuts, or otherwise prepares, publishes, sells, distributes, keeps for sale, or exhibits any obscene or indecent writing, paper, book, picture, photograph, figure or form of any description; . . ,"

6. Instruction No. 4 reads as follows:

"You are instructed that the state relies in part for a conviction in this case upon what is known as circumstantial evidence, and in this matter you are instructed that to warrant a conviction upon circumstantial evidence each fact necessary to the conclusion sought to be established (that is, the guilt of the defendant) must be proved by competent evidence, beyond a reasonable doubt, and that all the facts and circumstances proven should not only be consistent with the guilt of the accused, but consistent with each other, and inconsistent with any other reasona-

ble hypothesis or conclusion than that of his guilt, and sufficient to produce in your minds the reasonable moral certainty that the accused committed the offense charged against him. You are instructed that when the circumstances are sufficient under this rule herein given you, they are competent and are to be regarded by the jury as competent for your guidance as direct evidence."

7. Instruction No. 5 states as follows:

"You are instructed that the laws of the State of Oklahoma contain the following provision: " 'Any person who knowingly buys, sells, barters, traffics in, or causes to be delivered or transported in Oklahoma, any picture, moving picture, series of pictures, drawing, diagram or photograph of any person or animal or caricature thereof in an act or acts of sexual intercourse or unnatural copulation shall be deemed guilty of a felony.' "

jury after she had read these instructions.[8] The element of scienter was missing from the case as it was presented to the jury, imposing the strict liability element upon the defendant that the United States Supreme Court has found unconstitutional. *Smith v. California*, supra.

■ This Court now holds that in all future prosecutions under any obscenity statute in Oklahoma the trial court must give, in addition to general instructions on circumstantial evidence and the statutory prohibitions, a scienter instruction as follows:

*You are instructed that the words "knowingly" and/or "wilfully," as used in these instructions, require that you must find beyond a reasonable doubt from all the evidence in this case (either direct or circumstantial or both) that the defendant knew the contents of the material introduced into evidence as State's Exhibit(s) No.(s) ____.*

### III

■ The defendant's forth assignment of error is that the prosecutor, during voir dire examination, improperly drew the jury panel's attention to the defendant's right to remain silent.[9] In *Girdner v. State*, Okl.Cr., 508 P.2d 683 (1973), this Court dealt with a similar issue. In that case, a prosecutor commented to the trial judge that defense counsel could " 'put the defendant on the stand and have him testify.' " *Girdner v. State*, at 686. This Court held in *Girdner* that:

"[T]he mere oblique reference to the failure of the defendant to take the stand

was made at a time when the prosecutor could not possibly have known whether the defendant would testify or not. In such instances, where the comment is made in the evidentiary stage of trial, as it arose in this case, the remark could not be construed as a comment on the defendant's failure to testify in that his failure has not yet become a fact." Id. at 686

After a careful consideration of all the facts in that case and an examination of the facts in the case at bar, this Court is of the opinion that the first holding in *Girdner* cannot stand. It is error for the prosecutor to comment—either directly or indirectly[10]—at any stage of the jury trial[11]—upon the defendant's right to remain silent. Therefore, we specifically overrule *Girdner* insofar as it allows the prosecutor to comment upon the defendant's right to testify or remain silent "in the evidentiary stage of trial . . . in that his failure [to testify] has not yet become a fact." Id.

### IV

■ The defendant's sixth assignment of error is that the trial judge made improper comments during the trial. In the voir dire examination of the jury panel the trial judge asked one potential juror, "Do you know that the defendant does not have to take the stand, and explain his actions at all?" (Tr. 8) The record establishes that defense counsel failed to object to the comment and move for a mistrial at the time it was made. Under the authority of 22 O.S. 1971, § 701,[12] this Court has granted a new trial to a defendant who was convicted af-

---

8. "THE COURT: Whether or not he sold the magazine is the only consideration for the jury to make.

      *     *     *     *     *     *

"THE COURT: We're just to assume what is in the evidence, that he sold it." (Tr. 117–118)

9. "MR. ROBERTSON: Ma'am, as I indicated to Mrs. Hill, at the conclusion of the evidence—the State's evidence—*and if the defendant wishes to put on evidence, he has the right to do so*—the Judge will give you written instructions, which contain all the law." (Tr. 12, Emphasis added)

10. The comment in the case at bar is an indirect reference.

11. The error in the case at bar occurred during voir dire of the jury panel.

12. Title 22 O.S.1971, § 701, reads as follows: "In the trial of all indictments, informations, complaints and other proceedings against persons charged with the commission of a crime, offense or misdemeanor before any court of committing magistrate in this State, the person charged shall at his own request, but not otherwise, be a competent witness, and his failure to make such request shall not

ter the trial court, over defendant's objections, gave an instruction on his right to remain silent. *Villines v. State*, Okl.Cr., 492 P.2d 343 (1971). But, while this Court condemns the giving of such an instruction and deems it "our duty to call it to the attention of the trial courts in order that they may avoid walking the chalk line of error," *Brannin v. State*, Okl.Cr., 375 P.2d 276, 280 (1962), we have consistently held that the error is waived and not reversible if defense counsel failed to make a timely objection. *Brannin v. State*, supra, reversed on other grounds. While the comment to which objection is made in the case at bar was not a formal instruction, this Court finds it sufficiently drew the jury's attention to the defendant's right to remain silent to constitute error. But the error has been waived by defense counsel's failure to object to the comment and move for a mistrial, the only remedy available since an admonishment to the jury would only compound the error.

We need not decide the defendant's second contention' that the trial judge's comments [13] as to what the jury must decide in relation to the evidence were improper, since it has been dealt with in Part II.

## V

The defendant's seventh assignment of error is that the trial court erred in denying defense counsel's motion for a mistrial based upon an alleged prejudicial comment overheard by a juror during a recess. Defense counsel moved for the mistrial during a hearing in chambers, alleging that he had overheard a comment made by the clerk of another judge [14] in the presence of a specific juror. Counsel contended that the inference to the juror was, "there is another case pending in another division, or at least another charge pending in some other division." (Tr. 104–105) Defense counsel offered no evidence to prove the alleged incident or prejudice.

In *Heartsill v. State*, Okl.Cr., 341 P.2d 625 (1959), this Court considered a similar incident. In that case the defendant's wife allegedly became upset over certain testimony and made some derogatory comments about her husband in the presence of the jury. Evidence of the remarks was offered only in a motion for a new trial. In the case at bar no evidence, other than counsel's statement in chambers, was offered. In *Heartsill* this Court said:

"It was in no way proven that any juror heard what was purportedly said, but was presented on the basis of sheer speculation. Unless we go into the thin air of metaphysics for inspiration, and indulge in rank speculation, we cannot find that the jury heard the remarks, much less was influenced by them. . . ." 341 P.2d at 636.

Our holding in *Heartsill* remains valid. We find defendant's contention to be without merit since he offers less evidence to support his position than was offered in that case.

## VI

In light of our disposition of this case, we need not decide the defendant's third as-

create any presumption against him nor be mentioned on the trial; if commented upon by counsel it shall be ground for a new trial."

**13.** See, n. 8.

**14.** "MR. BROWN: Comes now the defendant, and moves the Court to declare a mistrial on the grounds and for the reason that immediately after the recess, in the lobby of the Court's chambers one of the jurors, number one juror, Mr. Sampson, who is an employee of Cities Service, approached Judge Beasley's clerk, and while in front of her desk, she was reading from an article, and said, 'Oh, The Body Shop. Oh, we have one too.'

"He apparently was making inquiry about a telephone. I was standing some ten feet away, and I heard it clearly and loudly, and he was immediately in front of the desk, and I feel certain he heard it, and I move for a mistrial on the grounds and for the reason that the defendant in this case is charged, d/b/a The Body Shop, and the inference is that there is another case pending in another division, or at least another charge pending in some other division, or at least that juror may draw that conclusion.

"THE COURT: I think I'll overrule you." (Tr. 104–105)

signment of error—that the trial court improperly admitted incompetent evidence and other than best evidence—since the error, if any, will be corrected on retrial. We note, however, that the defendant has failed to cite any case authority in support of his argument because the rule of evidence is so basic "that the citations would fill the entire capitol complex." Even if this overstatement were correct, this Court still appreciates a citation to at least the most recent case dealing with an assignment of error.

For all the above and foregoing reasons, the judgment and sentence is, accordingly, *REVERSED* and *REMANDED* for disposition in a manner not inconsistent with this opinion.

BUSSEY, P. J., and BLISS, J., concur.