Stephen "Steve" Eric STOVER, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–79–568.

Court of Criminal Appeals of Oklahoma.

Sept. 19, 1980.

Michael A. Emmons, Chickasha, for appellant.

Jan Eric Cartwright, Atty. Gen., William S. Flanagan, Asst. Atty. Gen., for appellee.

## OPINION

BUSSEY, Judge:

On appeal from a conviction for Robbery With Firearms, After Former Conviction of a Felony, in Grady County District Court, Case No. CRF–78–134, wherein punishment was set at twenty (20) years' imprisonment, the appellant, Steven "Steve" Eric Stover, hereinafter referred to as the defendant, urges several assignments of error, only one of which is determinative of this appeal. He argues that the prosecutor improperly commented on the defendant's right to remain silent, in violation of 22 O.S.1971, § 701.[1]

During voir dire examination,[2] the prosecutor commented on the interest and bias

---

1. Title 22 O.S.1971, § 701, reads:

"In the trial of all indictments, informations, complaints and other proceedings against persons charged with the commission of a crime, offense or misdemeanor before any court or committing magistrate in this State, the person charged shall at his own request, but not otherwise, be a competent witness, and his failure to make such request shall not create any presumption against him nor be mentioned on the trial; if commented upon by counsel it shall be ground for a new trial."

2. "Q. As Mr. Emmons has repeatedly said or pointed out that the burden of proof is on the State and that the defendant does not have to prove anything, but should the defendant choose to do so can you, at that time, will you take into consideration the interest and the bias and the prejudice that he might have in this case?

"A. Yes.

"Q. You do understand, that if he should choose to do so, that he would definitely have

the defendant would have in the outcome of the trial if he were to testify in his defense, which improperly called the jury panel's attention to the defendant's right to remain silent. The defendant raised a timely objection thereto and moved for a mistrial.[3]

■ Although selection of a jury contemplates wide latitude by the State as well as by the defendant, "it is error for the prosecutor to comment—either directly or indirectly—*at any stage of the jury trial*—upon the defendant's right to remain silent." *Hanf v. State*, Okl.Cr., 560 P.2d 207, 211 (1977). (Emphasis original, footnotes omitted.) And, defense counsel must preserve the error by timely objecting to the comment and moving for mistrial, the only rem-

edy available, since an admonishment to the jury would only compound the error. *Runnels v. State*, Okl.Cr., 562 P.2d 932 (1977).

The State attempts to justify the prosecutor's statements as invited error and argues that defense counsel opened the door when he questioned jurors regarding the State's burden to prove its case.[4]

■ We do not agree that the general statements of the defense counsel invited the prosecutor to specifically call attention to the defendant's right to remain silent, nor to elaborate on the interest the defendant had in the outcome of the trial. Permitting the prosecutor to outline for the jury the consideration to be given the defendant if he chose to testify and to con-

an interest in the outcome of this case. Do you understand that, sir?
"A. Yes.
"Q. And will you take that into consideration in weighing the weight and credit to be given that testimony?
"A. Yes." (Tr. 232–233)

3. "MR. EMMONS: Your Honor, may we approach the bench? [counsel approached the bench and made the following record, outside the hearing of the jury, to–wit:]
"MR. EMMONS: Your Honor, I'm going to object to that coming in the back door and commenting to testimony of this defendant. He's gone certainly beyond that. And I would ask that the jury disregard as far as him putting on evidence.
"THE COURT: Overruled and exception.
"MR. EMMONS: And I'd ask that the jury be admonished to disregard it.
"THE COURT: Overruled.
"MR. EMMONS: Okay, and I'd request the Court for a mistrial.
"THE COURT: Overruled." (Tr. 233)

4. "Q. You understand do you not the burden of proving the defendant guilty beyond a reasonable doubt rests with the prosecution and that the accused need not introduce any evidence whatsoever?
"A. Yes.
"Q. And knowing that, knowing that he doesn't have to introduce any evidence whatsoever, would you require him at anytime during the course of this trial to satisfy you as to his innocence?
"A. No.
"Q. You will judge this case solely on the evidence that you hear from this witness stand without any fear of later criticism?
"A. Yes. (Tr. 153)

"Q. Thank you. You understand, Mrs. Thornburg, that the district attorney can charge any person, as I said before you, me or anyone, with a crime but that doesn't mean that we're guilty. In fact it doesn't indicate that we have really done anything wrong. Do you agree with that?
"A. Uh huh.
"Q. Do you agree that every human being in the United States is presumed to be innocent, that's charged with a crime, until proven guilty beyond a reasonable doubt?
"A. Yes.
"Q. And that he's innocent, right now he's just as innocent as you or I? (Tr. 154)
        *    *    *    *    *    *
"Q. Mrs. Wellsand, in talking about the burden of proving the defendant guilty beyond a reasonable doubt, that's the burden of the prosecution, you agree with that?
"A. Uh huh.
"Q. And you understand too that this man over here, Steve Stover, he's accused of this crime, doesn't have to introduce any evidence whatsoever. Do you agree with that?
"A. Right. (Tr. 168)
        *    *    *    *    *    *
"Q. And the defendant or the accused need not introduce any evidence whatsoever?
"A. Yes.
"Q. And knowing that would you require the accused at any time during the course of this trial to put on any evidence?
"A. No. (Tr. 223)
        *    *    *    *    *    *
"Q. Okay. As Steve Stover sits there he's innocent just like you and me?
"A. Yes.
"Q. He's not required to prove anything?
"A. That's right." (Tr. 224)

sider the defendant's bias, interest, credibility and the weight to be given his testimony was in direct violation of Section 701 and this Court's pronouncement in *Hanf v. State*, supra.

Since the defendant made timely objection and timely moved for mistrial, his motion for new trial should have been sustained.

For the above and foregoing reasons, we are of the opinion that the judgment and sentence should be and hereby is *REVERSED* and *REMANDED* for new trial.

BRETT, J., concurs.

CORNISH, P. J., concurs in results.