Dorothy Nell HUNT, Petitioner-Appellee,

v.

STATE OF OKLAHOMA,
Respondent-Appellant.

No. 80–2225.

United States Court of Appeals,
Tenth Circuit.

July 22, 1982.

Rehearing Denied Oct. 12, 1982.

Michael Avant-Pybas, Asst. Atty. Gen. for the State of Okl., Oklahoma City, Okl. (Jan Eric Cartwright, Atty. Gen. for the State of Okl., and David W. Lee, Asst. Atty. Gen., Chief, Crim. Div. of the State of Okl., Oklahoma City, Okl., with him on the brief), for respondent-appellant.

Don E. Gasaway, Tulsa, Okl., for petitioner-appellee.

Before DOYLE, LOGAN and SEYMOUR, Circuit Judges.

SEYMOUR, Circuit Judge.

Dorothy Nell Hunt was convicted in state court of violating an Oklahoma obscenity statute that prohibits the unlawful sale of a movie showing acts of sexual intercourse or unnatural copulation, 21 Okla.Stat. § 1040.-51 (1968).[1] On a petition for writ of habeas corpus, the federal district court concluded the obscenity statute had been unconstitutionally applied to Hunt because the state court judge failed to instruct the jury on

---

1. 21 Okla.Stat. § 1040.51 provides:

"Any person who knowingly buys, sells, barters, traffics in, or causes to be delivered or transported in Oklahoma, any picture, moving picture, series of pictures, drawing, diagram or photograph of any person or animal or caricature thereof in an act or acts of sexual intercourse or unnatural copulation shall be deemed guilty of a felony ...."

scienter, an element of the crime. The federal judge granted a writ of habeas corpus. The State of Oklahoma appeals, claiming that the jury instructions adequately informed the jury on the issue of scienter, or alternatively that any deficiency was harmless error. Because we conclude that Hunt's right to due process was not violated, we reverse.

## I.

### BACKGROUND OF THE CASE

The state trial record discloses that an undercover officer for the Tulsa Police Department, Lynn Jones, went to Mrs. Hunt's Tulsa apartment with Dale Taylor, a companion. In the kitchen, Dale Taylor asked Hunt if she "had some films with some good stuff in it . . . ." Rec., vol. II, at 111. Hunt went into her living room and returned to the kitchen doorway with her daughter and a photograph. Hunt discussed with her daughter whether Lynn Jones was the uniformed officer in the photograph. Jones told them she was not the officer pictured. Apparently convinced, the daughter went to the side of the table where Jones was seated and brought out a box containing films and magazines. The box included the film "Aphrodisia, California Orgies" (hereinafter referred to as "California Orgies"). "California Orgies" was packaged in a small container graphically depicting a woman performing fellatio.

Jones purchased "California Orgies," an additional film, three magazines, and a deck of cards from Hunt. Testimony elicited outside the jury's presence indicated the officer examined the cards, each of which portrayed other explicit sexual material, and pointed out several to Dorothy Hunt. The officer also leafed through the magazines in which sexual intercourse was depicted. Based on this examination and the graphic picture on the outside of the film container, the officer arrested Mrs. Hunt. At trial, the movie "California Orgies" was shown to the jury. Of the purchased materials, however, the movie was the only item submitted as evidence or discussed in front of the jury.

Hunt was convicted, sentenced to three years' imprisonment, and fined $15,000.00 for her sale of the movie. The Oklahoma Court of Criminal Appeals affirmed, concluding that although the trial court erred by not properly instructing the jury concerning scienter, the error was harmless. *Hunt v. State*, 601 P.2d 464, 469 (Okla.Cr. App.1979). The United States Supreme Court denied certiorari. 446 U.S. 969, 100 S.Ct. 2951, 64 L.Ed.2d 830 (1980).

## II.

### THE SCIENTER INSTRUCTION

The State argues the federal district court erred when it concluded the element of scienter was missing from the instructions submitted to the jury. The State contends the jury received adequate instruction because the Information charging Mrs. Hunt, as well as the jury instructions, used the word "knowingly" in describing the conduct prohibited in 21 Okla.Stat. § 1040.51. We disagree with the State and conclude that the Information and jury instructions did not properly convey the concept of scienter to the jury.

■ "Scienter, a specific awareness of the contents which make the publication obscene, is a necessary element of an obscenity statute." *Hanf v. State*, 560 P.2d 207, 210 (Okla.Cr.App.1977); *see Hamling v. United States*, 418 U.S. 87, 120–23, 94 S.Ct. 2887, 2909–2910, 41 L.Ed.2d 590 (1974); *Smith v. California*, 361 U.S. 147, 150–54, 80 S.Ct. 215, 217–219, 4 L.Ed.2d 205 (1959). The Oklahoma Court of Criminal Appeals has ruled that scienter is incorporated into section 1040.51 in its "knowingly" requirement. *Hanf*, 560 P.2d at 210. *See Ginsburg v. New York*, 390 U.S. 629, 643–44, 88 S.Ct. 1274, 1282–1283, 20 L.Ed.2d 195 (1968); *Mishkin v. New York*, 383 U.S. 502, 510–11, 86 S.Ct. 958, 964–965, 16 L.Ed.2d 56

(1966). Consequently, the statute is constitutional. *See Ward v. Illinois*, 431 U.S. 767, 771–76, 97 S.Ct. 2085, 2088–2090, 52 L.Ed.2d 738 (1977); *Hamling*, 418 U.S. at 99, 121–24, 94 S.Ct. at 2898, 2909–2911. Nevertheless, the conviction of a particular defendant under section 1040.51 may be unconstitutional if the statute is improperly applied. *See Hanf*, 560 P.2d at 210–11.

■■■ To satisfy the scienter requirement, the prosecution must establish beyond a reasonable doubt that a "defendant had knowledge of the contents of the material he distributed, and that he knew the character and nature of the materials," *Hamling*, 418 U.S. at 123, 94 S.Ct. at 2910, although it is not necessary to prove that a defendant knew or believed such materials might be classified as legally obscene. *Id.* at 120–23, 94 S.Ct at 2909, 2910. In this case, the mere use of the word "knowingly" in the Information and jury instructions did not adequately convey the concept of scienter to the jury. As the Oklahoma appellate court explained:

> "The appellant in the present case submitted three requested instructions relating to scienter, yet the only reference to scienter was in instruction No. 3, which stated that 'any person who *knowingly* buys, sells . . . any moving picture . . . which is obscene, . . . is deemed guilty of a felony . . . .'" (Emphasis added) The State argues that because the word 'knowingly' was in the information and because the jury was instructed that the State had to prove each element alleged in the information beyond a reasonable doubt, there was a sufficient instruction on scienter. This is absurd. If one followed the State's argument, there would only be two instructions necessary in any criminal case—one iterating what was set out in the information and one saying that the State was required to prove everything alleged in the information beyond a reasonable doubt."

*Hunt*, 601 P.2d at 468. The jury was not properly instructed that *knowingly selling* a

moving picture which turns out to be obscene does not satisfy the scienter requirement unless the seller is aware of the nature of the contents. *Smith*, 361 U.S. at 153, 80 S.Ct. at 218. The required instruction, approved by the Oklahoma Court of Criminal Appeals in *Hanf*, supplies the missing definition:

> " 'You are instructed that the words "knowingly" and/or "wilfully," as used in these instructions, require that you must find beyond a reasonable doubt from all the evidence in this case (either direct or circumstantial or both) that the defendant knew the contents of the material introduced into evidence as State's Exhibit(s) No.(s) ————.' "

560 P.2d at 211 (emphasis deleted). We agree with the state appellate court that the scienter instruction in this case was legally insufficient.

### III.

### HARMLESS ERROR AND 28 U.S.C. § 2254(d)

The Oklahoma Court of Criminal Appeals concluded that "it is clear from the evidence that [Hunt] knew the character and nature of the film when she sold it." *Hunt*, 601 P.2d at 469. Consequently, it held the failure to give a scienter instruction harmless because "there is no reasonable possibility that the verdict would have been different had such an instruction been given." *Id.* The federal district court disagreed, concluding that section 1040.51 had been unconstitutionally applied because the Supreme Court safeguard requiring a finding of scienter was not adequately included in Dorothy Hunt's case. The federal court said the state court could not speculate on what the jury would have decided in this case if a proper scienter instruction had been given, and held that the absence of a scienter instruction impermissibly imposed strict liability upon Mrs. Hunt. *See Smith*, 361 U.S. at 152, 80 S.Ct. at 218.

The State urges us to reject the federal court ruling and accept the state appellate

court holding that the omitted instruction was harmless error. It contends the federal court exceeded its jurisdiction because it did not accord the state court conclusion of "harmless error" a "presumption of correctness" as required by 28 U.S.C. § 2254(d).[2]

■ Limits to habeas corpus relief are imposed on federal courts by 28 U.S.C. § 2254(d), as interpreted by two recent Supreme Court opinions. *See Sumner v. Mata,* 449 U.S. 539, 101 S.Ct. 764, 66 L.Ed.2d 722 (1981); *Sumner v. Mata,* — U.S. ——, 102 S.Ct. 1303, 71 L.Ed.2d 480 (1982) (per curiam) (hereinafter referred to as "Sumner II"). In habeas proceedings reviewing a state court conviction, section 2254(d) mandates that federal courts apply a "presumption of correctness" to state court findings of fact. This presumption of correctness is inapplicable or rebutted only when one or more of seven listed factors exist, or the federal court concludes the state court findings of fact are " 'not fairly supported by the record.' " *Sumner II,* at ——, 102 S.Ct. at 1304.

■ Federal courts must accord this presumption of correctness to findings of fact made in hearings by both state trial and appellate courts. If a federal court

determines the presumption does not apply, "it must provide a written explanation of the reasoning that led it to conclude that one or more of the first seven factors listed in § 2254 were present, ... or the 'reasoning which led it to conclude that the state finding was "not fairly supported by the record." ' " *Id.* (quoting *Sumner,* 449 U.S. at 551, 101 S.Ct. at 771).

■ Contrary to the State's argument in the present case, the ultimate constitutional question whether the omitted scienter instruction was merely harmless error or an impermissible violation of due process is a mixed question of law and fact not controlled by section 2254(d). Only the facts which underlie this ultimate conclusion are governed by the statutory presumption. *See id.* at ——, 102 S.Ct. at 1305; *Chapman v. California,* 386 U.S. 18, 20–21, 87 S.Ct. 824, 826–827, 17 L.Ed.2d 705 (1967). Nevertheless, although the presumption is not applicable, we reach the same ultimate conclusion reached by the Oklahoma Court of Criminal Appeals: no reasonable possibility exists that the verdict would have been different had a proper scienter instruction been given.

■ "[T]he Due Process Clause protects the accused against conviction except

2. 28 U.S.C. § 2254(d) provides:

"(d) In any proceeding instituted in a Federal court by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, *a determination after a hearing on the merits of a factual issue,* made by a State court of competent jurisdiction in a proceeding to which the applicant for the writ and the State or an officer or agent thereof were parties, evidenced by a written finding, written opinion, or other reliable and adequate written indicia, *shall be presumed to be correct,* unless the applicant shall establish or it shall otherwise appear, or the respondent shall admit—

(1) that the merits of the factual dispute were not resolved in the State court hearing;
(2) that the factfinding procedure employed by the State court was not adequate to afford a full and fair hearing;
(3) that the material facts were not adequately developed at the State court hearing;

(4) that the State court lacked jurisdiction of the subject matter or over the person of the applicant in the State court proceeding;
(5) that the applicant was an indigent and the State court, in deprivation of his constitutional right, failed to appoint counsel to represent him in the State court proceeding;
(6) that the applicant did not receive a full, fair and adequate hearing in the State court proceeding; or
(7) that the applicant was otherwise denied due process of law in the State court proceeding;
(8) or *unless* that part of the record of the State court proceeding in which the determination of such factual issue was made, pertinent to a determination of the sufficiency of the evidence to support such factual determination is produced as provided for hereinafter, and *the Federal court on a consideration of such part of the record as a whole concludes that such factual determination is not fairly supported by the record ...*."
(Emphasis added).

upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *In re Winship*, 397 U.S. 358, 364, 90 S.Ct. 1068, 1072, 25 L.Ed.2d 368 (1970). In this case, scienter is a constitutionally required element of the crime of selling obscene material. The denial of a federal constitutional right in a state criminal trial may be held harmless, but only if a reviewing court is able to determine that it was harmless beyond a reasonable doubt. *Chapman*, 386 U.S. at 22–23, 87 S.Ct. at 827–828.

■ The application of this standard to federal habeas review of a state criminal conviction involving defective jury instructions was explained by the Supreme Court in *Henderson v. Kibbe*, 431 U.S. 145, 97 S.Ct. 1730, 52 L.Ed.2d 203 (1977):

> "The burden of demonstrating that an erroneous instruction was so prejudicial that it will support a collateral attack on the constitutional validity of a state court's judgment is even greater than the showing required to establish plain error on direct appeal. *The question in such a collateral proceeding is 'whether the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process,' Cupp v. Naughten, 414 U.S., [141] at 147 [94 S.Ct., 396 at 400, 38 L.Ed.2d 368] ...,* not merely whether *'the instruction is undesirable, erroneous, or even "universally condemned,"' id.,* at 146 [94 S.Ct., at 400] ...."

*Id.* at 154, 97 S.Ct. at 1 (emphasis added) (footnote omitted). *See Gillihan v. Rodriguez*, 551 F.2d 1182, 1192 (10th Cir.), *cert. denied*, 434 U.S. 845, 98 S.Ct. 148, 54 L.Ed.2d 111 (1977). These standards are also used to determine the effect of the failure to instruct the jury on an element of the crime. *Kibbe*, 431 U.S. at 153–57, 97 S.Ct. at 1736–1738. The omission must be evaluated in the context of the entire record, including testimony and the argument of counsel.[3] *Id.* at 152, 97 S.Ct. at 1735.

Although we do not agree with all of the state court of criminal appeals' fact findings or its use of some items not in evidence to support its determination of harmless error,[4] we nonetheless conclude beyond a reasonable doubt that the omitted instruction did not affect the verdict in this case.

---

**3.** In *Kibbe*, an instruction was omitted on the causation element in a second degree murder case. The Court explained:

> " 'In determining the effect of this instruction on the validity of respondent's [state] conviction, we accept at the outset the well-established proposition that a single instruction to a jury may not be judged in artificial isolation, but must be viewed in the context of the overall charge. *Boyd v. United States*, 271 U.S. 104, 107, [46 S.Ct. 442, 443, 70 L.Ed. 857] (1926). While this does not mean that an instruction by itself may never rise to the level of constitutional error, see *Cool v. United States*, 409 U.S. 100, [93 S.Ct. 354, 34 L.Ed.2d 335] (1972), it does recognize that a judgment of conviction is commonly the culmination of a trial which includes testimony of witnesses, argument of counsel, receipt of exhibits in evidence, and instruction of the jury by the judge. Thus not only is the challenged instruction but one of many such instructions, but the process of instruction itself is but one of several components of the trial which may result in the judgment of conviction.' "

431 U.S. at 152 n.10, 97 S.Ct. at 1736 n.10 (quoting *Cupp v. Naughten*, 414 U.S. 141, 146–47, 94 S.Ct. 396, 400–401, 38 L.Ed.2d 368).

**4.** The State court listed four facts to explain its conclusion that there is no reasonable possibility the jury verdict would have differed had a proper scienter instruction been given: (1) Dale Taylor asked Dorothy Hunt if she "had some films with some good stuff in it"; (2) Dorothy Hunt showed the officers two films, a deck of cards and three magazines; (3) the cards and the magazines showed sexual intercourse; and (4) the box in which one of the films was packaged showed a woman performing fellatio. *Hunt*, 601 P.2d at 469.

The finding that Mrs. Hunt showed Lynn Jones the two films, cards, and magazines is "not fairly supported by the record." *See* 28 U.S.C. § 2254(d)(8). According to Jones' testimony, it was the daughter, Doris Hunt, who gave her the materials. This becomes critical because of the necessity to establish knowledge on Dorothy Hunt's part of the contents of the materials sold. In addition, the cards and magazines that are the subject of the state court's finding number (3) are irrelevant in determining whether the jury would necessarily have concluded Dorothy Hunt had scienter. Those items were never presented to the jury as evidence and thus cannot be considered part of the record from which the jury could conclude that Hunt was aware of the character of the allegedly obscene materials.

Our review of the entire record convinces us that the omitted instruction did not so infect the entire trial that the resulting conviction violated due process. *Kibbe*, 431 U.S. at 154, 97 S.Ct. at 1736. The jury was told in the State's closing argument that it had to find from an examination of the evidence that Hunt "knew what she was selling," Rec., vol. II, at 233, that "she had guilty knowledge . . . [and] she knew what she was doing." *Id.* at 234. The following facts before the jury convince us there is no reasonable possibility the verdict would have differed if the scienter instruction had been given: (1) Hunt, through her daughter, produced "California Orgies" for Lynn Jones to examine; (2) the film was produced in response to a request for films with "good stuff in them"; (3) Hunt carefully questioned Jones as to whether Jones was the police officer in a photograph Hunt and her daughter were examining; (4) only after Jones assured them she was not pictured in their photograph was the film box "California Orgies" shown to her for purchase; (5) Hunt directly accepted payment for "California Orgies" and other materials; and (6) on the outside cover of "California Orgies" was a graphic picture which a jury could permissibly find obscene.

Moreover, Hunt has never claimed that the evidence at trial is insufficient to show her awareness of the contents of "California Orgies." Rather, her defense at trial was that the movie was not obscene by contemporary community standards. The three rejected jury instructions submitted by Hunt attempted to require a finding that she knew "California Orgies" was legally obscene; these instructions did not require the proper factual inquiry whether she was aware of the general contents of the film. On appeal, Hunt's position is that the absence of a scienter instruction requires reversal regardless of her knowledge of the film's contents. Brief for Appellee at 12–13. This is incorrect in light of the *Kibbe* decision.

The facts in evidence, coupled with Hunt's failure to raise both at trial and on appeal the insufficiency of the evidence on the issue of her knowledge of the contents of the film, lead us to conclude that the omitted instruction did not so prejudice Dorothy Hunt that her due process rights were violated. *See United States v. Frady*, —— U.S. ——, ——, 102 S.Ct. 1584, 1595, 71 L.Ed.2d 816 (1982).

The judgment of the court below is reversed. The case is remanded with directions that the writ be discharged.