James Mark **THORPE**, Petitioner,

v.

Chase **RIVELAND**, Director, Department of Corrections of the State of Colorado; Bill Wilson, Warden, Canon City Correctional Facility, and the Attorney General for the State of Colorado, Respondents.

Civ. A. No. 85–K–214.

United States District Court, D. Colorado.

Sept. 13, 1985.

64

Robert T. Booms, Denver, Colo., for petitioner.

John O. Bailey, Attorney General's Office, Corrections Dept., Denver, Colo., for respondents.

## MEMORANDUM OPINION AND ORDER

KANE, District Judge.

Petitioner, James Mark Thorpe, is an inmate at Canon City Correctional Facility, Canon City, Colorado. He filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. Section 2254. He alleges that a guilty plea leading to one of the sentences for which he is incarcerated was not voluntarily entered and that he had ineffective assistance of counsel before the plea.

This matter was referred to a United States Magistrate who examined the petition and accompanying documents and filed a written recommended order. The recommendation was objected to because of several alleged errors. The magistrate did not read the transcripts of proceedings in the state district court. Accordingly, I ordered production of the transcripts. I have read them together with all other documents, pleadings and correspondence on file.

Thorpe was charged in Colorado state criminal case 79–CR–1567 with attempted murder, first degree assault, and a manda-

tory sentencing count. In a separate Colorado state case 79–CR–1671, he was charged with first degree murder, first degree kidnapping and felony murder. Both cases were brought before Judge Cisneros for disposition by plea and immediate sentencing. Since Colorado law provides that pre-sentence time in confinement cannot be credited to a life sentence, Thorpe wanted to plead, be sentenced and start the time running on his sentence. He pled guilty to first degree assault in 79–CR–1567 and guilty to first degree murder in 79–CR–1671. On the latter case, he was sentenced to life imprisonment. On the former case 79–CR–1567, he was sentenced to prison for no less than 10 years nor more than 20 years, with his sentence to run concurrently with the life imprisonment in 79–CR–1671. Other counts in the two criminal cases were dismissed. All of the foregoing was pursuant to a plea agreement between the defendant and the district attorney.

In respect to his first degree murder case (79–CR–1671), Thorpe filed a Rule 35 Motion for Post Conviction Relief. He alleged the same issues as raised here; namely, denial of effective assistance of counsel, denial of due process of law, and an allegation that his guilty plea was involuntary. He alleges that the trial court should not have denied his Rule 35(c) Motion for Post Conviction Relief since the prosecution failed to present any evidence at the state Rule 35(c) hearing.

Thorpe appealed the adverse Rule 35(c) ruling. His appeal was denied by the Colorado Court of Appeals in case 82–CA–160, decided February 10, 1983. The Supreme Court of Colorado denied certiorari in its case 83–SC–141, on June 20, 1983. The petition is properly before this court.

Thorpe does not attack his conviction of first degree assault (79–CR–1567). His application for post conviction relief is limited to the first degree murder case, 79–CR–1671. Thorpe was originally represented by T. Kenneth Laughlin in both cases. When the murder case was assigned to Judge Cisneros, however, Laughlin's appointment was not confirmed. Instead,

Judge Cisneros appointed Jonathan Olom. Laughlin continued to represent Thorpe before a different district judge in the first degree assault case. Olom, now deceased, was a highly regarded specialist in the defense of criminal cases.

Thorpe, through Laughlin, asked to plead guilty and for immediate sentencing. Olom was opposed to the plea bargain, but correctly advised Thorpe that the decision of whether to plead guilty was entirely up to him. Laughlin favored the plea bargain. At the providency hearing both Olom and Laughlin correctly advised Thorpe of his rights and the consequences of his plea. Before the hearing, however, Laughlin made many statements to Thorpe about criminal procedure and substantive law that were flat wrong.

Thorpe has never questioned the adequacy or competency of Olom. He asserts that Laughlin was incompetent. The Colorado Court of Appeals decision notes that "the record discloses the second attorney [Olom] rectified the previous errors and rendered highly competent representation to the defendant. Defendant's contention that he was not adequately represented is not supported by the record." The opinion further states, "defendant admits that the providency hearing was properly conducted, and the record clearly establishes that the defendant's plea was knowingly and voluntarily entered."

■ In this proceeding, I am in essentially the same position as the judges of the Colorado Court of Appeals. I note, however, that concerns of both comity and federalism provide a presumption of correctness to state court findings. *Stone v. Powell*, 428 U.S. 465, 494, 96 S.Ct. 3037, 3052, 49 L.Ed.2d 1067 (1976); *Sumner v. Mata*, 449 U.S. 539, 550, 101 S.Ct. 764, 770, 66 L.Ed.2d 722 (1982). Here, the presumption is not needed since I have viewed the transcripts and find that the state court findings are factually correct.

■ Voluntariness of a guilty plea is a question of fact. *Hopkins v. Anderson*, 507 F.2d 530, 531 (10th Cir.1975). While

they are not exclusive, Thorpe has failed to raise any of the circumstances specified in Section 2254(d) in his habeas petition. Neither is there any basis for finding that the state court factual determination is not fairly supported by the record. *Hunt v. The State of Oklahoma*, 683 F.2d 1305, 1309 (10th Cir.1982).

■ After reviewing all the record certain facts remain unblemished by the petitioner's attack. Nowhere is there any suggestion that defendant is anything other than guilty of the crimes charged. The defense of not guilty by reason of insanity was carefully considered and rejected. Mr. Olom was of the opinion that the murder case devolved upon the issue of credibility of the state's principal witness. If, according to Olom, the jury did not believe this witness, the case against Thorpe would not be proved. Mr. Laughlin believed that the case for the prosecution was solid; that Thorpe had in fact committed the crimes and that there was a significant risk of consecutive sentences. Olom and Laughlin disagreed on the role and ethical obligations of defense counsel. Even though Laughlin gave misinformation to Thorpe before the providency hearing, he gave correct advice during the hearing.

■ The hearing was not a demonstration of form over substance. Judge Cisneros was thorough and penetrating in his examination of Thorpe. That Thorpe should choose one path rather than another when he has been correctly advised and ably represented is not a matter of constitutional significance.

IT IS ORDERED that the petition is denied.