968 F.2d 21
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Terry Glenn STANLEY, Petitioner-Appellant,
v.
Dan M. REYNOLDS, Warden; Attorney General, of the State of
Oklahoma, Respondents-Appellees.
 No. 92-7015.
 United States Court of Appeals, Tenth Circuit.
 June 25, 1992.
 
 Before SEYMOUR, STEPHEN H. ANDERSON and BALDOCK, Circuit Judges.*
 ORDER AND JUDGMENT**
 BALDOCK, Circuit Judge.
 
 
 1
 Petitioner-appellant Terry Glen Stanley is serving a life sentence in an Oklahoma penitentiary as a result of a first degree murder conviction for the 1984 strangulation of his girlfriend. See Stanley v. State, 762 P.2d 946 (Okla.Cr.1988). He petitioned for relief in federal district court pursuant to 28 U.S.C. § 2254, arguing that the state trial court violated his Fourteenth Amendment due process rights by instructing the jury that prosecution witnesses' testimony should be presumed truthful. The district court referred the matter to a magistrate and subsequently denied the petition, adopting the magistrate's findings and recommendations to the effect that the challenged jury instruction was not erroneous in light of the instructions as a whole. We affirm.
 
 
 2
 The challenged instruction dealt with preliminary hearing testimony from two prosecution witnesses who had failed to appear at trial. Petitioner contends that the preliminary hearing testimony dealt in part with the central issue at trial: whether he should be convicted of the lesser offense of manslaughter because of his intoxication during the time when the homicide took place. The prosecution had read the preliminary hearing testimony to the jury, and the related instruction provided:
 
 
 3
 You are instructed that you are not to discount this testimony for the sole reason that it comes to you in the form of a deposition. It is entitled to the same consideration, the same rebuttable presumption that the witness speaks the truth, and the same judgment on your part with reference to its weight, as is the testimony of witnesses who have confronted you from the witness stand.
 
 
 4
 Tr. 370 (instruction no. 16). In sum, Petitioner argues that this single instruction deprived him of his Fourteenth Amendment due process right to a fair trial by shifting the burden of proof regarding the central issue at trial from the prosecution to him. See United States v. Birmingham, 447 F.2d 1313, 1315 (10th Cir.1971).[1]
 
 
 5
 Petitioner has undertaken a heavy burden in this challenge to the state court jury instruction; habeas corpus relief is warranted only if "the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process." Cupp v. Naughten, 414 U.S. 141, 147 (1973). See also Henderson v. Kibbe, 431 U.S. 145, 154 (1977); Hunt v. Oklahoma, 683 F.2d 1305, 1310 (10th Cir.1982). In applying this standard, we note that "a single instruction to a jury may not be judged in artificial isolation, but must be viewed in the context of the overall charge." Cupp v. Naughten, 414 U.S. at 147.
 
 
 6
 Although the instruction regarding the presumed truthfulness of prosecution witnesses is troublesome as noted by the Oklahoma Court of Criminal Appeals on the direct appeal in this case, see Stanley v. State, 762 P.2d at 949, we agree with that court that the instruction did not so infect the entire trial as to violate Petitioner's due process rights. Id. (citing Cupp v. Naughten, 414 U.S. at 147). The court specifically and repeatedly instructed the jury as to the presumption of innocence, the state's duty to prove guilt beyond reasonable doubt, and the jury's duty to weigh the testimony and credibility of each witness. See tr. 355-387. Considering the instructions as a whole, we cannot find a due process violation.
 
 
 7
 AFFIRMED.
 
 
 
 *
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause therefore is ordered submitted without oral argument
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 Petitioner also challenges instruction number 18, contending that it instructed the jury that his testimony was untruthful. The instruction provided:
 Evidence has been presented that the defendant has heretofore been convicted of other offenses distinct from that charged in the information. This evidence is called impeachment evidence, and it is offered to show that the defendant's testimony is not believable or truthful. If you find that these convictions occurred, you may consider this impeachment evidence in determining what weight and credit to give the credibility of the defendant. You may not consider this impeachment evidence as proof of innocence or guilt. You may consider this impeachment evidence only to the extent that you determine it affects the believability of the defendant, if at all. A person may not be convicted of the commission of one offense by any proof tending to show that he may have committed another offense.
 Tr. 373 (emphasis supplied). Petitioner's argument, which is based on noncontextual reading of the phrase "the defendant's testimony is not believable or truthful," is meritless.