Shawn Todd WATKINS, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. C–89–0147.

Court of Criminal Appeals of Oklahoma.

Nov. 8, 1991.

Rehearing Denied May 18, 1992.

## ACCELERATED DOCKET ORDER

Appellant was charged by information April 10, 1987, in the District Court of Oklahoma County, Case No. CRF–87–1843, with two counts of Conspiracy for Unlawful Distribution of Controlled Dangerous Substance, with one count specifically naming cocaine and the second count specifically naming phencyclidine (P.C.P.), and two counts of Possession of Controlled Dangerous Substance with Intent to Distribute, with one count specifically naming cocaine and the second count specifically naming P.C.P. In a Judgment and Sentence on Plea of Guilty entered May 10, 1988, Appellant was sentenced to thirty (30) years on each count with the four (4) counts to run concurrently, plus costs, and with this sentence to run consecutively with Case Nos. CRF–84–4322 and CRF–85–1272.

On May 13, 1988, an application by Appellant to withdraw his guilty plea was filed. Said application was denied by the District Court following a hearing May 13, 1988, and the Appellate Public Defender (now known as the Oklahoma Indigent Defender System) was appointed to represent Appellant on appeal. The appeal was not perfected timely to this Court, but on August 16, 1988, the District Court recommended an appeal out of time finding Appellant was denied his right to an appeal through no fault of his own. Said appeal out of time was granted by this Court August 30, 1988.

Appellant made application for the Accelerated Docket on April 11, 1991. No objection was made and the appeal was assigned to the Accelerated Docket pursuant to 22 O.S.Supp.1990, Ch. 18, App., *Rules of the Court of Criminal Appeals*, Rule 11.3. The propositions of error were presented to this Court in oral argument October 10, 1991, pursuant to Rule 11.5(c). At the conclusion of oral argument, the parties were advised of the decision of this Court.

■■■ Appellant raised two propositions of error on appeal. The first proposition contends that the District Court erred in accepting the guilty pleas on the four crimes charged where the evidence revealed Appellant had committed only the crime of possession of drugs with intent to distribute. We do not find that Appellant's conviction of both conspiracy and possession with intent to distribute subjects him to double punishment forbidden by the double jeopardy clause. However, we do find that it violates double jeopardy protections to convict Appellant of two separate counts of conspiracy and two separate counts of possession with intent to distribute based entirely on the fact that the package contained two different types of drugs. Appellant was arrested in Oklahoma City for causing a single package containing two types of controlled substances to be shipped to Oklahoma from California.

We have previously held that two convictions for attempting to conceal stolen property violated the double jeopardy clause where both convictions arose out of a single transaction in which the defendant paid money to an undercover officer and was given one sack containing two pistols. The defendant was prosecuted on two charges of attempting to conceal stolen property simply because law enforcement officers had taken two pistols out of the evidence room to use in the transaction. *Hunnicutt v. State*, 755 P.2d 105 (Okl.Cr.1988).

We, therefore, find in the case before this Court two viable counts—one count of Conspiracy For Unlawful Distribution of Controlled Dangerous Substance and one count of Possession of Controlled Dangerous Substance With Intent to Distribute. The two counts of Conspiracy For Unlawful Distribution of Controlled Dangerous Substance merge into one count, Count One, which includes both the drugs of phencyclidine (P.C.P.) and cocaine, and the two counts of Possession of Controlled Dangerous Substance With Intent to Distribute merge into one count, Count Three, which includes both the drugs of phencyclidine (P.C.P.) and cocaine. Accordingly, Appellant's judgment and sentence for Counts Two and Four are REVERSED and REMANDED with instructions to DISMISS.

■■■ The second proposition of error contends the Trial Court erred in accepting the guilty pleas without making an appropriate

interrogation regarding Appellant's mental state.

The record before this Court indicates that an application for a psychiatric examination was filed January 15, 1988; that the District Court ordered a psychiatric examination of Appellant; and that a psychiatric evaluation, based on an examination that was conducted at the county jail, was filed February 1, 1988, finding Appellant not competent and that he could not attain competency within a reasonable time if provided with a course of treatment. The record further reflects that counsel for Appellant filed an application for determination of competency February 3,.1988, and that the District Attorney filed an application for post examination competency hearing February 24, 1988. There is a release by Eastern State Hospital of Appellant dated February 25, 1988; but the record does not reflect any findings or a report by Eastern State Hospital. The record next reflects an order entered March 3, 1988, by the District Court to resume criminal proceedings as it appeared there was no doubt that Appellant was competent. A transcript of this proceeding is not a part of the record and we are unable to determine from the record how the Trial Judge reached this conclusion. Counsel for Appellant contends that the hearing was not recorded and that the order determining competency reflects that neither Appellant nor his attorney appeared at this hearing. The appearance docket indicates on February 24, 1988: "Iss. order & Notice of Hearing—3–3–88 Judge Parr". A copy of this order and notice is not in the record.

Title 22 O.S.1981, § 1175.1 et seq. sets forth the procedure to be followed when a defendant's competency to stand trial has been raised. Section 1175.4 provides for a post-examination competency hearing where the trial court is to determine by clear and convincing evidence whether the defendant is incompetent. In *Scott v. State*, 730 P.2d 7 (Okl.Cr.1986), this Court stated that the judgment of competency is to be made only after a formal hearing at which all relevant evidence is presented. In *Doyle v. State*, 785 P.2d 317 (Okl.Cr. 1989), this Court determined that a hearing

for purposes of Section 1175.4 means a proceeding wherein the state and the defense are afforded an opportunity to present evidence concerning the defendant's competency and to argue as to inferences therefrom.

We find the record before this Court insufficient to establish that a competency hearing pursuant to Section 1175.4 was held. We, therefore, REMAND this matter to the District Court to determine whether or not a hearing to determine Appellant's competency was held pursuant to Section 1175.4. If the District Court determines Appellant was afforded an opportunity to present evidence concerning his competency and to argue as to inferences therefrom, the District Court shall make findings of fact and conclusions of law which shall be filed in this Court within thirty (30) days of the date of this order. These findings of fact and conclusions of law will then allow this Court to make a final determination as to this proposition of error.

If the District Court determines that a hearing was not held in compliance with Section 1175.4, the District Court shall determine if it is feasible at this time to determine Appellant's competency as of March 3, 1988; and if it is, the District Court shall conduct the competency hearing pursuant to Section 1175.4 as to whether Appellant was competent at the time he entered his pleas of guilty. The District Court shall determine prior to said hearing whether it is appropriate to appoint an Indigent Defender on behalf of Appellant. Said hearing shall be held within sixty (60) days of the date of this order. If this hearing is required, the District Court shall prepare findings of fact and conclusions of law setting forth the basis for determining the feasibility of holding the hearing at this date; whether the hearing was held as a jury or non-jury trial as to competency on March 3, 1988; and the results of the hearing. The order of the District Court shall be filed with this Court within ten (10) days after the hearing.

If the District Court determines that a hearing was not held in compliance with

Section 1175.4 and that it is not feasible at this time to determine Appellant's competency as of March 3, 1988, then this matter is REVERSED and Appellant's application to withdraw his pleas of guilty to the remaining one count of Conspiracy for Unlawful Distribution of Controlled Dangerous Substance and one count of Possession of Controlled Dangerous Substance with Intent to Distribute is GRANTED.

IT IS SO ORDERED.

WITNESS OUR HANDS AND THE SEAL OF THIS COURT.

/s/ Gary L. Lumpkin
GARY L. LUMPKIN, Vice Presiding Judge

/s/ Tom Brett
TOM BRETT, Judge

/s/ Ed Parks
ED PARKS, Judge

/s/ Charles A. Johnson
CHARLES A. JOHNSON, Judge