Shawn Todd WATKINS, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. C–89–0147.

Court of Criminal Appeals of Oklahoma.

May 18, 1992.

Released for Publication June 20, 1993.

## ORDER DENYING PETITION FOR REHEARING AND DIRECTING ISSUANCE OF MANDATE

Appellant was charged in the District Court of Oklahoma County, Case No. CRF–87–1843, with two counts of Conspiracy for Unlawful Distribution of Controlled Dangerous Substance, with one count specifically naming cocaine and the second count specifically naming phencyclidine (P.C.P.), and two counts of Possession of Controlled Dangerous Substance with Intent to Distribute, with one count specifically naming cocaine and the second count specifically naming P.C.P. In a Judgment and Sentence on Plea of Guilty entered May 10, 1988, Appellant was sentenced to thirty (30) years on each count with the four (4) counts to run concurrently.

In an order entered November 8, 1991, this Court reversed and remanded with instructions to dismiss Counts Two and Four of Appellant's judgment and sentence. We determined that the rule stated in *Hunnicutt v. State*, 755 P.2d 105 (Okl.Cr.1988), regarding double jeopardy prohibition against multiple punishments for the same offense would apply in Appellant's situation. Appellant was arrested in Oklahoma City for causing a single package containing two types of controlled substances to be shipped to Oklahoma from California.

The State filed a petition for rehearing December 2, 1991. On February 21, 1992, this Court directed Appellant to respond to the State's petition for rehearing. Said response was filed in this Court April 6, 1992.

22 O.S.1991, Ch. 18, App., *Rules of the Court of Criminal Appeals*, Rule 3.14, directs that a petition for rehearing may be filed only if some question decisive of the case and duly submitted by the attorney of record has been overlooked by the Court or that the decision is in conflict with an express statute or controlling decision to which the attention of this Court was not

called either in the brief or in oral argument. The State contends that this Court's ruling is contrary to the provisions of Section 2–401 of Title 63; that Possession of Cocaine with Intent to Distribute and Possession of P.C.P. with Intent to Distribute are two separate offenses with different elements requiring different ranges of punishment.

We do not agree that we have two separate offenses requiring different ranges of punishment. Possession with Intent to Distribute is a single offense under Section 2–401. Part A of Section 2–401 sets forth the substantive offense while Part B sets forth the parameters of punishment based on the type of drug involved. Different punishment levels are provided for different drugs. In this matter, Appellant's punishment under Section 2–401 for possession with intent to distribute a controlled dangerous substance must fall within the parameters of Section 2–401(B)(1), as the scheduled punishment for Possession of Cocaine With Intent to Distribute is more severe than the scheduled punishment for Possession of P.C.P. With Intent to Distribute.

The argument by the State is that as a narcotic drug, Cocaine is made punishable under Section 2–401(B)(1), while on the other hand Phencyclidine (PCP) is made punishable under Section 2–401(B)(2). This argument does not take into consideration the statutory language of Section 2–401(A)(1) which is the substantive criminal prohibition, i.e. it is unlawful for any person to possess with the intent to distribute *"a controlled dangerous substance"*. The statutory prohibition does not distinguish between types or classifications of drugs regulated by the Uniform Controlled Dangerous Substances Act, Sections 2–101 through 2–608 of Title 63. "Controlled dangerous substance" as defined in Section 2–101(8) "means a drug, substance or immediate precursor in Schedules I through V of the Uniform Controlled Dangerous Substances Act, Section 2–101 et seq. of this title". The provisions of Section 2–401(B) do not contain the substantive penal provisions of the statute, only the punishments provided for a violation of Section 2–401(A) based on the type of controlled dangerous substance or counterfeit controlled dangerous substance or imitation controlled substance involved in the offense. While we recognize the Oklahoma Legislature has the power to create separate penal provisions prohibiting different acts which may be committed at the same time, it was not exercised in the passage of the provisions of Section 2–401(A)(1) as this statute applies to a "controlled dangerous substance". Based on this analysis, we find the State is correct in its argument that the correct double jeopardy test in this instance is the "same evidence test". The Appellant was charged with multiple counts in a single prosecution and the elements of each count of conspiracy for Unlawful Distribution of a Controlled Dangerous Substance were the same, as were each count of Possession of a Controlled Dangerous Substance with Intent to Distribute. Our decision in *Hunnicutt* discussed both tests available in analyzing a double jeopardy issue, however the decision did not effectively communicate the test utilized. Therefore, the original order is modified to reflect the correct test under this fact situation is the "same evidence test".

Accordingly, the State's petition for rehearing is hereby DENIED.

IT IS SO ORDERED.

/s/ JAMES F. LANE
JAMES F. LANE, Presiding Judge

/s/ GARY L. LUMPKIN
GARY L. LUMPKIN, Vice Presiding Judge

/s/ TOM BRETT
TOM BRETT, Judge

/s/ ED PARKS
ED PARKS, Judge

/s/ CHARLES A. JOHNSON
CHARLES A. JOHNSON, Judge