**Billy Joe ANTROBUS, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

**No. F–92–1079.**

Court of Criminal Appeals of Oklahoma.

Aug. 2, 1995.

Rehearing Denied Aug. 16, 1995.

Pat Pate, Jr. and Pat Pate, Sr., Poteau, for appellant at trial.

Gary R. Buckles, Asst. Dist. Atty., Poteau, for the State at trial.

John D. Boydston, Eufaula, for appellant on appeal.

Susan Brimer Loving, Atty. Gen., Sandra D. Howard, Asst. Atty. Gen., Chief, Crim. Div., Oklahoma City, for appellee on appeal.

## SUMMARY OPINION

JOHNSON, Presiding Judge:

Appellant, Billy Joe Antrobus, was tried by a jury before the Honorable Ted A. Knight in the District Court of LeFlore County, Case No. CRF–91–282. Appellant was charged with three counts of Knowingly Concealing Stolen Property, After Former Conviction of Two or More Felonies. The jury returned a verdict of guilty and recommended Appellant be sentenced to twenty (20) years imprisonment for each count. The trial court sentenced Appellant in accordance with the jury's recommendation and ordered the sentences be run consecutively. From this Judgment and Sentence, the Appellant has perfected his appeal to this Court.

Appellant raises the following propositions of error in support of his appeal:

I. Appellant has been placed in double jeopardy for the same offense in that the counts of knowingly concealing stolen property are one transaction and one offense and should be charged as such; and

II. Prejudicial and inflammatory statements made by the prosecution beginning in the opening statement and continuing through the closing argument denied Appellant of a fair and impartial trial.

After thorough consideration of these propositions and the entire record before us on appeal, including the original record, transcripts, and briefs of the parties, we find merit in Appellant's first proposition of error.

This proposition of error presents an interesting issue of first impression for this Court.

We must determine whether a defendant can be charged with multiple counts of concealing stolen property simply because the various concealed items belonged to different property owners. In the present case, Appellant undoubtedly possessed and concealed the property of three different individuals. The property had been stolen during three separate burglaries which occurred in LeFlore County between December 6, 1991, and December 16, 1991. The evidence presented at trial did not indicate that Appellant had been involved in the actual burglaries. The charging information specifically named the three separate property owners and alleged all three counts occurred on the same date.

In *State v. Sanders,* 59 Ohio App.2d 187, 392 N.E.2d 1297, 1301 (1978), the court held that it violates double jeopardy to convict a defendant of multiple counts of Receiving Stolen Property when the evidence merely showed the defendant received all of the property at the same time and from the same source. The Supreme Court of Utah came to the same conclusion in *State v. Bair,* 671 P.2d 203, 208 (Utah 1983). The *Bair* court noted that proof of multiple thefts, committed by someone other than the defendant, which deprived different owners of their property had no bearing on the issue of how the defendant actually received the property.

On the other hand, in *State v. Gardner,* 741 S.W.2d 1, 5 (Mo.Banc 1987), *cert. denied,* 486 U.S. 1025, 108 S.Ct. 2001, 100 L.Ed.2d 232 (1988), the Supreme Court of Missouri found no error in charging the defendant with twenty-one counts of Receiving Stolen Property by Keeping. The evidence showed that the property was stolen from different owners, at different times, by a burglar who in turn sold the stolen goods at different times to the defendant. The court noted that it was clear from the evidence that the property was received on numerous occasions, from different owners, and from one source. The information set out the specific property stolen and the names of the rightful owners for each count and stated that the property was retained on or about the same day.

▮▮▮▮ We find the rationale utilized in the above cited cases to be applicable to the case at hand. Pursuant to 21 O.S.1991, § 1713,

the crime of Concealing Stolen Property in Oklahoma requires a defendant have knowledge that the property was stolen and have the intent to deprive the owner of that property permanently. Therefore, in order to prove separate counts of concealing stolen property, the State must be able to establish the defendant had knowledge that the stolen property came from multiple sources. Simply establishing that the concealed property belonged to more than one owner or was obtained from multiple thefts is not enough to infer this knowledge. However, when this information is combined with other relevant facts, such as the defendant received the property on different dates or was actually involved in the thefts, it is proper to conclude the defendant had knowledge that the property came from multiple sources.

■ In the instant case, the evidence only supports two counts of knowingly concealing stolen property. The concealed property was obtained from the Luman residence, the Martin residence and the Reece residence during three separate robberies. The Reece robbery occurred on December 16, 1991, which is the same day all of the property was found in Appellant's house pursuant to the search warrant. Thus, the Reece's property was received and concealed on the sixteenth. Appellant testified that he ran an errand with his mother on the morning of the sixteenth prior to his arrest. After returning home, his brother pulled up to his house and called him outside. Appellant looked at the items in the trunk and took a microwave, a Nintendo, Nintendo game cartridges, and some movies into his house. All this property came from the Reece robbery. He then testified on cross examination that he received Jeff Luman's rifle a week before the sixteenth. Therefore, Appellant's convictions for concealing the Reece property (Count III) and the Luman property (Count I) should stand.

However, there was no evidence presented to indicate when Appellant received the Martin property (Count II). Furthermore, we cannot assume it was not received along with the Luman property. Consequently, Count II must be reversed and remanded with instructions to dismiss as the State presented insufficient evidence to support this separate count.

Thus, for the above stated reasons, Counts I and III are **AFFIRMED**. Count II is **REVERSED** and **REMANDED** to the District Court with instructions to **DISMISS**.

CHAPEL, V.P.J., and LANE and STRUBHAR, JJ., concur.

LUMPKIN, J., concurs in results.

LUMPKIN, Judge, concurring in results.

I concur in the results reached by the Court, however, I base that decision on the jurisprudence of this Court. The result is dictated by our decisions in *Hunnicutt v. State,* 755 P.2d 105, 110, 111 (Okl.Cr.1988) and *Gentry v. State,* 562 P.2d 1170, 1175 (Okl.Cr.1977). *See also Watkins v. State,* 829 P.2d 42 (Okl.Cr.1991), *rehearing denied,* 855 P.2d 141 (1992) (modifying *Hunnicutt v. State* ) (where this Court utilized the same type analysis to interpret the statutory provisions relating to possession of a controlled dangerous substance.) The analysis in this opinion also seeks to modify the Court's decisions in *Hunnicutt* and *Gentry* without recognizing their existence. The cases cited in the opinion from other jurisdictions cannot override or modify our caselaw.