2006 OK CR 48

**Carl Tyrone LEWIS, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

**No. F–2005–824.**

Court of Criminal Appeals of Oklahoma.

Dec. 7, 2006.

---

Lori Combs, Oklahoma City, OK, Attorney for Defendant.

Dan Gridley, Assistant District Attorney, Oklahoma City, OK, Attorney for The State.

Steven M. Presson, Robert S. Jackson, Jackson & Presson, P.C., Norman, OK, Attorneys for Appellant.

W.A. Drew Edmondson, Attorney General of Oklahoma, William R. Holmes, Assistant Attorney General, Oklahoma City, OK, Attorneys for Appellee.

*OPINION*

LEWIS, Judge.

¶ 1 Carl Tyrone Lewis, Appellant, was tried by jury and found guilty of Count 1, trafficking in illegal drugs (cocaine); and Count 2, trafficking in illegal drugs (heroin), in violation of 63 O.S.Supp.2000, § 2–415, in Oklahoma County District Court, Case No. CF–2000–725. The jury sentenced Appellant to twenty-five (25) years imprisonment and a $100,000.00 fine in Count 1, and fifteen (15) years and a $100,000.00 fine in Count 2. The Honorable Virgil C. Black, District Judge, ordered the sentences served consecutively. Mr. Lewis appeals.

¶ 2 In late January, 2000, Appellant constructively possessed and brought into Oklahoma almost two kilograms of cocaine and almost twenty-five grams of heroin, packaged separately and stashed in a single travel bag carried by an accomplice. Narcotics officers discovered the drugs while conducting investigation at the Oklahoma City bus terminal. In Appellant's second proposition of error, he contends his convictions and consecutive sentences for trafficking cocaine and heroin violate the statutory prohibition against multiple punishments, and constitute multiple punishment for the same offense in violation of the constitutional prohibitions against double jeopardy. 21 O.S.2001, § 11; Okla. Const., art. II, § 21.

¶ 3 This is a question of first impression. In *Davis v. State,* 1999 OK CR 48, 993 P.2d 124, we interpreted the Legislature's prohibition of multiple punishments in section 11 "to focus on the relationship between the crimes."

> If the crimes truly arise out of one act ... then Section 11 prohibits prosecution for more than one crime. One act that violates two criminal provisions cannot be punished twice, absent specific legislative intent. This analysis does not bar the charging and conviction of separate crimes which may only tangentially relate to one or more crimes committed during a continuing course of conduct.

*Id.* at ¶ 13, 993 P.2d at 126–27.

¶ 4 *Davis* also reiterated that the proper inquiry to determine whether a defendant

has suffered multiple punishments for the "same offense" in violation of the constitutional prohibitions against double jeopardy is "whether each provision requires proof of an additional fact which the other does not." *Id.* at ¶ 4, 993 P.2d at 125, *quoting Blockburger v. United States,* 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932).

¶ 5 In *Watkins v. State,* 1991 OK CR 119, 829 P.2d 42, *opinion on rehearing,* 1992 OK CR 34, 855 P.2d 141, and several unpublished cases, we have held that conviction and punishment for two or more counts of possession of different controlled dangerous substances, either at one time or while contained in the same package or container, violated double jeopardy. In *Watkins,* the defendant received a shipment of cocaine and phencyclidine (PCP) in a single package from California. Convicted in two counts of conspiracy and two counts of possession with intent to distribute (one count for each drug, respectively), and punished with four consecutive thirty-year sentences, he claimed double jeopardy. This Court agreed. *Watkins,* 1992 OK CR 34, ¶ 2, 855 P.2d at 141.

¶ 6 *Watkins* found the Uniform Controlled Dangerous Substances Act, 63 O.S.1991, § 2–401(A), contained a substantive criminal prohibition against possessing a "controlled dangerous substance" with intent to distribute, but made no distinction in the controlled substances criminally possessed. Thus the Court found no legislative authorization for inflicting multiple penalties based on the number or type of controlled drugs embraced in a single possessory event. Because the Legislature specified in section 2–401(B), different punishments "based on the type of controlled dangerous substance ... involved in the offense," the punishment provided for a violation of section 2–401(A) was based on the drug for which section 2–401(B) provided the most severe punishment. *Id.* at ¶ 5–6, 855 P.2d at 142.

¶ 7 In *Watkins,* the defendant's possession of cocaine determined the punishment, and the possession involving the PCP effectively merged into the more severely punished cocaine possession under section 2–401(B). *Id.* Finding double jeopardy, we reversed the defendant's convictions for conspiracy to possess PCP and possessing PCP with intent to distribute, and remanded with instructions to dismiss. *Id.* at ¶ 2, 855 P.2d 141.

¶ 8 Appellant's argument presents two questions: whether his convictions for trafficking in quantities of cocaine and heroin "truly arise out of one act" and thus violate section 11, *Davis, supra;* and whether each offense requires proof of a fact which the other does not. *Watkins, supra.* The Trafficking in Illegal Drugs Act, 63 O.S.Supp. 2000, § 2–415, makes it unlawful for a person to knowingly distribute, manufacture, bring into this state, or possess "a controlled substance *specified in subsection A* of this section *in the quantities specified in subsection C ...*" (emphasis added). The offense denominated by the statute as "trafficking in illegal drugs" thus requires proof of the following elements:

*First,* knowingly;

*Second,* distributing, manufacturing, bringing into Oklahoma, or possessing;

*Third,* a controlled dangerous substance specified in section 2–415(A), in the quantity specified in section 2–415(C).

*See* OUJI–CR 2d 6–13.

¶ 9 This Court recognized in *Watkins* that "the Oklahoma Legislature has the power to create separate penal provisions prohibiting different acts which may be committed at the same time," but found the Legislature had not created separate criminal offenses of possession regarding different controlled dangerous substances. *Id.* at ¶ 6, 855 P.2d at 142. Our interpretation of the controlled drug possession statute in *Watkins* applies with equal force to the Trafficking in Illegal Drugs Act. The Legislature has defined "trafficking" as distributing, manufacturing, bringing into Oklahoma, or possessing any of the enumerated controlled drugs in specified quantities. When Appellant possessed almost two kilograms of cocaine and almost twenty-five grams of heroin, he "trafficked" in illegal drugs in violation of the statute. 63 O.S.Supp.2000, § 2–415(C)(2)(b) and (C)(3)(a)(cocaine quantity of 300 grams or more; heroin quantity of 10 grams or more).

¶ 10 However, *Watkins* dictates that Appellant's one act of possessing cocaine and

heroin in a single container constituted but one violation of the drug trafficking statute, punishable only once according to 21 O.S. 2001, § 11. Under the double jeopardy analysis, *Watkins* compels the conclusion that Appellant's convictions in Counts 1 and 2 are based on the "same evidence"—that he possessed one or more controlled drugs in a trafficking quantity—and thus constitute the same offense. Appellant's two convictions and consecutive sentences for trafficking in quantities of cocaine and heroin subjected him to multiple punishments for the same criminal act in violation of section 11, and punished him twice for the same offense in violation of the constitutional prohibition against double jeopardy. Count 2 is reversed.

¶ 11 The remaining propositions require no relief.

## DECISION

The Judgment and Sentence of the District Court of Oklahoma County in Count 1 is **AFFIRMED**. Count 2 is **REVERSED** and **REMANDED** with instructions to dismiss. Pursuant to Rule 3.15, *Rules of the Court of Criminal Appeals*, Title 22, Ch. 18, App. (2005), the **MANDATE** is **ORDERED** issued upon the delivery and filing of this decision.

CHAPEL, P.J., A. JOHNSON and C. JOHNSON, JJ., concur.

LUMPKIN, V.P.J., specially concurs.

LUMPKIN, Vice Presiding Judge: specially concurs.

¶ 1 I concur in the Court's decision to affirm the judgment and sentence with respect to Count I, and agree with the reversal with instructions to dismiss Count II. Today's Summary Opinion applies the plain language of the statute and our decision in *Watkins v. State*, 1991 OK CR 119, 829 P.2d 42, *opinion on rehearing*, 1992 OK CR 34, 855 P.2d 141.

¶ 2 As we explained in *Watkins*, the issue lies with the plain language of the statute in question, not with the applicability of double jeopardy or double punishment principles. With the publication of *Watkins* more than a decade ago, this Court put the Oklahoma Legislature on notice of how we would interpret the statute and what simple actions would need to be taken if the Legislature desired for separate charges to arise out of a single possession—that is, to amend each of the statutes to provide that possession of separate types of CDS at the same time constitutes separate offenses. Many years have come and gone since then, and the Legislature has declined to make those amendments, thereby confirming this Court's interpretation. Legislatures, not Courts, prescribe the scope of punishment. *See Missouri v. Hunter*, 459 U.S. 359, 365, 103 S.Ct. 673, 677 74 L.Ed.2d 535 (1983). Until those amendments are made, this Court is bound to apply the plain language of the statutes.